## THE TERRITORY OF HAWAII v. AH CHEONG.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED JANUARY 26, 1912.                    DECIDED JANUARY 30, 1912.

ROBERTSON, C.J., DE BOLT, J., AND CIRCUIT JUDGE WHIT-
NEY IN PLACE OF PERRY, J.

PLEADING—*charge—keeping liquor for sale.*

    A charge that the defendant, at a time and place named, he
not being a licensee, or the agent or employee of a licensee, did
unlawfully keep for sale intoxicating liquor, is sufficient.

MOTIONS—*bill of particulars.*

    A motion "that the prosecution be required to furnish defend-
ant with a bill of particulars," without pointing out the particu-
lars desired, is not sufficient.

### OPINION OF THE COURT BY DE BOLT, J.

This is an appeal on points of law from a judgment of the
district magistrate of Honolulu, finding the defendant guilty
of the offense of keeping for sale intoxicating liquor contrary
to the provisions of section 54 of Act 119, Laws of 1907, which
section reads: "Any person, other than a licensee, his agent or
employee, who shall sell, dispose of, furnish or keep for sale
intoxicating liquor of any kind, or shall cause to be sold, dis-
posed of, furnished or kept for sale any such liquors by any
person engaged or hired for such purpose; or any licensee, by
himself or by agent or employee, who shall sell, dispose of,
furnish or keep for sale, or cause to be sold, disposed of, fur-
nished or kept for sale, any such liquors, after revocation of
his license, save as permitted by this Act, shall be guilty of
a misdemeanor and on conviction thereof, be fined not less than
One Hundred Dollars ($100.00) nor more than One Thousand
Dollars ($1,000.00) or be imprisoned for not more than twelve
months, or both."

The charge entered against the defendant, and upon which
he was tried, convicted and sentenced to pay a fine of $100,

was as follows: "That one Ah Cheong at Honolulu, City and County of Honolulu, Territory of Hawaii, during three months last past prior to and including the 15th day of October, A. D. 1911, then and there not being thereto authorized by license as by law provided and required, and not being the agent or servant of a person thereto licensed by law, unlawfully did keep for sale at those certain premises occupied by said Ah Cheong in Manoa Valley certain intoxicating liquor known as Wine and did then and there and thereby commit the offense of keeping intoxicating liquor for sale without a license contrary to Section 54 of Act 119 of the Session Laws of 1907 of the Territory of Hawaii."

The defendant demurred to the charge on the grounds that it was "vague, uncertain and unintelligible," and that it did not "set forth any facts which constitute any offense against the laws of the Territory of Hawaii." The magistrate overruled the demurrer, whereupon the defendant moved "that the prosecution be required to furnish defendant with a bill of particulars." The magistrate denied the motion.

The defendant declining to plead to the charge, the court entered a plea of "not guilty" for him; and thereupon the trial proceeded upon its merits and the defendant was adjudged guilty as charged.

The rulings of the magistrate which constitute the points of law upon which the case comes before use are, (1) overruling the defendant's demurrer; (2) denying the defendant's motion for a bill of particulars; (3) entering a plea of "not guilty" for the defendant, he declining to plead and standing mute; (4) adjudging the defendant guilty as charged.

The defendant urges as error only the two first points of law, and has, apparently, and as we will assume, abandoned the third and fourth points of law.

The defendant having failed in his first ground of demurrer to specify in what particulars the charge was "vague, uncertain

and unintelligible," the prosecution contends that this ground of demurrer cannot properly be considered by the court. In the view we take of the matter it will not be necessary to determine the question as to the sufficiency of this ground of demurrer, for the simple reason that the charge, in our opinion, as to the facts and matters therein alleged, is not "vague, uncertain or unintelligible." The facts alleged are set forth in clear and precise terms, free from ambiguity. Whether the facts alleged are sufficient to constitute the offense charged presents a question to be determined under the second ground of demurrer.

Under the second ground of demurrer the defendant contends that the charge, although set forth in the words of the statute, is not sufficient, the statute failing, as he contends, to define the offense. It is urged that the charge is too general, that it is fatally defective, in that it does not set forth all the essential elements of the offense charged, and that it does not sufficiently inform the defendant of the nature and cause of the accusation against him. Whatever force this contention might have under a charge based upon a statute failing to define the offense prescribed, we need not say. The statute before us, however, fully defines the offense in clear and unmistakable terms, and the charge is in the terms of the statute; nothing more is required. *State* v. *Paige,* 78 Vt. 286, 289; 22 Cyc. 336, et seq. The statute in explicit terms says that "Any person other than a licensee, his agent or employee, who shall * * * keep for sale intoxicating liquor of any kind, * * * shall be guilty of a misdemeanor." The facts thus contemplated by the statute define the offense; and it follows, necessarily, that a statement of those facts, as in the case at bar, constitutes the offense charged.

In *Com.* v. *Riley,* 77 Ky. 44, 47, the court said the mere charge that the defendant was "guilty of keeping a tippling-house, was a sufficient definition of the offense charged and a sufficient statement of the acts constituting such offense."

In our opinion the charge against the defendant is sufficient.

Assuming for the purposes of this case only, that the district magistrate has power to order a bill of particulars in a criminal case, was the defendant's application for a bill of particulars sufficient? We think not. The application for a bill of particulars in a criminal case should set forth with particularity what the defendant claims should be amplified. It should point out fully all the particulars desired. The defendant has obviously failed to comply with these reasonable requirements. 3 Ency. Pl. & Pr. 520, 531, 536; *State* v. *McDaniel,* 54 Atl. 1056; *Mathis* v. *State,* 34 So. 287, 290; *Eatman* v. *State,* 37 So. 576, 578; *State* v. *Reno,* 41 Kan. 674, 678, 679.

The judgment of the district magistrate is affirmed.

*J. W. Cathcart, City and County Attorney,* for the Territory.

*F. Andrade* for defendant.

