## TERRITORY *v.* SAM PUPUHI.

## No. 1078.

### EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT. HON. W. S. EDINGS, JUDGE.

SUBMITTED DECEMBER 10, 1918.        DECIDED DECEMBER 20, 1918.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE HEEN IN PLACE OF EDINGS, J., DISQUALIFIED.

INDICTMENT AND INFORMATION—*charging in the words of the statute.*

Where a statute fully defines the offense in clear and unmistakable terms a charge in the language of the statute is sufficient, but we do not find that the statute of gross cheat, that is, section 3988 R. L. 1915, contains those descriptive elements which would bring it within the category of the statutes just mentioned.

SAME—*false pretenses.*

Where the defendant is charged with false pretenses the indictment must not only set out the pretenses but must set them out with such particularity as to enable the court to determine whether they are such pretenses as come within the statute and as to apprise the accused of the charge against him.

SAME—*same.*

An indictment charging that the defendant "did designedly, by

false pretenses, and with intent to defraud, obtain from others, to-wit, Joe Boteilho, John de Costa, Antone S. Madeira and Joe Antone Rodrigues, money of the amount and value to-wit twenty-five hundred dollars" is confined to a bare repetition of the words of the statute and is demurrable.

OPINION OF THE COURT BY COKE, C. J.

The defendant-appellant was indicted, tried and convicted in the circuit court of the second judicial circuit for the crime of gross cheat. The indictment charges that "Sam Pupuhi at Kokomo in the County of Maui, Territory of Hawaii, on to-wit the 10th to the 19th day of April, 1916, inclusive, did designedly, by false pretenses, and with intent to defraud, obtain from others, to wit, Joe Boteilho, John de Costa, Antone S. Madeira and Joe Antone Rodrigues, money of the amount and value to wit twenty-five hundred dollars." To this indictment the defendant demurred on the ground that "the indictment did not contain allegations sufficient to constitute a valid charge of any criminal offense by the defendant or a violation by defendant of any penal statute of the Territory." The demurrer was overruled by the court and an exception to this ruling was duly taken by the defendant.

The defendant comes to this court by a bill of exceptions which contains several additional exceptions to the one hereinabove specified. We deem it necessary, however, to discuss only the single exception taken to the ruling of the court upon the demurrer to the indictment. Section 3988 R. L. 1915 defines the offense of gross cheat as follows: "Whoever shall designedly, by any false pretense, and with intent to defraud, obtain from another any money, goods, or other thing of value, is guilty of gross cheat."

The defendant questions the sufficiency of the indictment because of the absence in the indictment of any words descriptive of the false pretenses by which the defendant is alleged to have obtained the money from the

parties named in the indictment, and for which reason he contends it is impossible to determine from the indictment whether the facts alleged are sufficient in the contemplation of law to constitute a crime, and for the same reason the defendant is not apprised of the charge against him.

Counsel for the Territory calls attention to the fact that the indictment charges the defendant with the crime of gross cheat in the words of the statute defining the offense and maintains that this is sufficient. He cites in support of his position the opinions of this court in *Territory* v. *Ah Cheong,* 21 Haw. 10, and *Republic* v. *Ah Cheon,* 10 Haw. 469. In the latter case cited we find the following paragraph: "There are no common law offenses known to our law, all are statutory and a charge of an offense made substantially in accordance with the language of the penal statute is good and sufficient." We think the expression was properly used if confined to the case then under consideration but if the intention of the court was to hold that every offense contained in the penal statutes of the Territory may be properly charged by a mere repetition of the language of the statute defining the offense we confess our unwillingness to concur therein. It is true, as held in *Territory* v. *Ah Cheong,* 21 Haw. 10, that where the statute fully defines the offense in clear and unmistakable terms a charge in the language of the statute is sufficient. There are some statutes in our criminal laws which so clearly and specifically define the offense that nothing more is required in the indictment than to adopt the language of the statute but we do not find that the statute of gross cheat, that is, section 3988 R. L. 1915, contains those descriptive elements which would bring it within the category of the statutes just mentioned. This statute is a generic description grouping within its scope a multitude of things the doing of any of which might constitute the crime. "The general rule that an indictment

or information is sufficient in the charging part when it follows the language of the statute applies only in cases where there is a sufficient description of the offense intended to be created by the legislature and where a more general or generic term is used or the statute does not sufficiently define the crime or set forth all the essential elements of the crime the use of the statutory language is not sufficient." 14 R. C. L. p. 187. "In some states there are statutes dispensing with the necessity of stating the false pretenses intended to be relied upon, but in the absence of statute the indictment must state what the false pretenses are and must allege them in such terms that the court can determine whether or not the crime is within the statute, and also with such certainty that the defendant can ascertain whether they constitute an indictable offense or not." 11 R. C. L. p. 858.

In the present case the charging part of the indictment is confined to a bare repetition of the words of the statute. In the most general terms that could possibly be employed the defendant is accused of false pretenses. What the alleged false pretenses consisted of—whether they, in fact, were sufficient in contemplation of law to constitute a crime within the statute—it is impossible to determine. "It is not sufficient merely to aver in the indictment that the accused obtained the property by false pretenses. The pleader must go further and not only set out the pretense but set it out with such particularity as to enable the court to determine whether it is such a pretense as comes within the statute and as to apprise the accused of the charge against him." 19 Cyc. 423. A case peculiarly parallel to the one now before us is *People* v. *McKenna*, 81 Cal. 158. There the defendant was tried and convicted on an information which charged that "on or about the fifteenth day of July, 1888, in the County of San Louis Obispo, State of California, the defendant did unlawfully, knowingly

and designedly by false and fraudulent representations and pretenses defraud one David Taylor of his personal property, to wit, twenty hogs of the value of $203.40 lawful money of the United States," etc. The opinion of the court in that case contains the following language: "It is said by Mr. Bishop that 'to charge simply in the statutory words that the thing was obtained by fraud and pretense is not adequate. What the particular pretenses were must be stated both as notice to the defendant of what he has to answer to and as enabling the court to discern their indictable quality.' * * * An information charging that the defendant did unlawfully, knowingly and designedly by false and fraudulent representations and pretenses defraud another of certain personal property without setting forth the facts constituting the fraud or stating what the representations or pretenses were does not state facts sufficient to support a conviction and should be dismissed upon a motion in arrest of judgment."

The court below should have sustained the demurrer to the indictment and the exception of the defendant to the refusal of the court to do so is sustained.

*E. R. Bevins,* County Attorney of Maui, for the Territory.

*Eugene Murphy* for defendant.