# TERRITORY *v.* MANUEL BURNS.

## No. 1477.

ERROR TO CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED JUNE 7, 1923.                    DECIDED JULY 23, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CONSTITUTIONAL LAW—*indictment for larceny—conviction of embezzlement.*

> The provision in section 3828, R. L. 1915, to the effect that, upon the trial of an indictment for larceny, the jury may return a verdict of guilty of embezzlement contravenes Article VI of the amendments to the Constitution of the United States which provides that in all criminal prosecutions the accused shall enjoy the right to be informed of the nature and the cause of the accusation.

OPINION OF THE COURT BY PERRY, J.

In the district court of Makawao, County of Maui, a charge was entered against the defendant (the present plaintiff in error) to the effect that he did at a time and place stated "unlawfully and feloniously steal, take and carry away certain property, to wit, one Jersey heifer of the value of $40.00 (Forty Dollars), the property of one Joe Ferreira, then and there and thereby committing the offense of larceny in the second degree contrary to the provisions of Chapter 227 of the Revised Laws of Hawaii,

1915." The defendant pleaded not guilty, waived preliminary examination and demanded trial by jury; and was thereupon committed to the circuit court for trial by jury. In its verdict the jury said: "We find the defendant is not guilty of larceny as charged; but is guilty of embezzlement of the property alleged in the complaint." Thereupon a motion in arrest of judgment was presented based upon the ground, among others, that section 3828, R. L. 1915, authorizing a verdict of conviction of embezzlement under a charge of larceny, is unconstitutional. The motion was denied and the defendant sentenced. Thereupon the present writ of error was sued out, bringing to this court for determination the question of whether or not section 3828 is unconstitutional as well as presenting other questions which it will be found unnecessary to consider.

In his instructions to the jury the presiding judge gave the statutory definition of embezzlement and instructed the jury that "under the laws of the Territory of Hawaii if upon the trial of any person informed against or indicted for larceny it shall be proved that he took the property in question in any such manner as to amount in law to embezzlement he shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return as their verdict that such person is not guilty of larceny but is guilty of embezzlement in such degree as the facts proved may warrant." This instruction was a statement of the law as laid down in section 3828.

The question now before us has not been decided in this jurisdiction. The decisions in other American jurisdictions are in conflict, under statutes substantially to the same effect as ours. We think that the better reasoning is in favor of the view that such a statute as this is unconstitutional. Article VI of the amendments to the Constitution of the United States provides that "in all

criminal prosecutions the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation" and Article V provides that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury."

Where there are different degrees of the same offense it can be readily understood that one charged with the highest degree of the offense may be convicted under that charge of any lower degree of the offense without violation of the constitutional requirement of the sixth amendment; but it would be a violation of that provision to permit a conviction for one offense of one tried under an indictment charging another and distinct offense. It is an elementary principle of criminal pleading that the indictment or information, as the case may be, shall set forth all of the essential ingredients of the offense. That is too well established to require argument or the citation of authority. Larceny is a common law offense. Embezzlement was unknown at the common law and is purely statutory. 20 C. J. 408; 10 A. & E. Ency. L. 978; 9 R. C. L. 1264; and 1 Whart. Crim. Proc. Sec. 583. They are separate and distinct offenses. 20 C. J. 412, 413; 10 A. & E. Ency. L. 981; *Fulton* v. *State,* 13 Ark. 168, 169; *State* v. *Harmon,* 106 Mo. 635, 651; *State* v. *Burks,* 60 S. W. (Mo.) 1100, 1102. Not only is one not merged or included in the other but a statement of the ingredients of the one excludes the possibility of the other offense being intended. In larceny the taking is felonious; in embezzlement the taking is lawful. In the latter the property is entrusted to the care of the taker by reason of trust and confidence reposed in him by the true owner. It is only after the custody or control or possession is thus lawfully transferred that the person so entrusted conceives the criminal intent and feloniously converts the property to his own use. Neither of these offenses can be said in any

proper sense to include the other, even though both include the element of a final wrongful use and disposition of property belonging to another. It would be impossible as a matter of pleading and of English to assert in a charge of larceny all of the essential ingredients constituting embezzlement; and it would be equally impossible in a charge of embezzlement to aver all of the essential ingredients of larceny. These things are impossible because of the contradictory nature of some of the elements necessary to be alleged.

One of the arguments advanced by those courts holding that such a provision as that now under consideration is constitutional is that the two offenses are sufficiently similar in their nature that an indictment charging one sufficiently notifies an accused that the other offense is also charged. With this, for the reasons above stated, we cannot agree. Another argument advanced by the same courts is that the statute provides that when an accused is charged with larceny it shall be possible if the evidence adduced proves the essentials of embezzlement to convict him of the latter offense and that every defendant is presumed to know the law and therefore is informed by an indictment for larceny of the possibility of a conviction for embezzlement. The answer to this is that when the constitutional provision requires that an accused be "informed of the nature and cause of the accusation" it contemplates that he shall be so informed *by the indictment* in the particular case and not by a general statute or statutes applicable to all cases in a class. *State* v. *Dougherty,* 4 Or. 200, 204. The presumption of a knowledge of the law does not apply so as to enlarge the effect of the indictment. Otherwise it would suffice to notify an accused of the general name of the offense with which it is intended to charge him and then leave him to search the law books to ascertain what all of the possible essential ingredients

of that offense are. "The court and the accused are not to look further than the face of the indictment for the specification of the offense of which the latter can be convicted. They are not to consider each, every, all and singular the offenses described in the Penal Code, nor are they required to search the Code of Criminal Procedure to ascertain just how many incompatible crimes, the acts constituting which are not made to appear from the indictment, may be proved against the accused on the trial. They are relieved from this by the constitutional right of the 'accused' to demand the nature and cause of the accusation against him." *Huntsman* v. *State,* 12 Tex. Crim. Rep. 619, 635.

In each of the following cases the court was of the opinion that a statute similar to ours was unconstitutional: *Howland* v. *State,* 32 Atl. (N. J.) 257, 258; *State* v. *Harmon, supra; State* v. *Burks, supra;* and *Huntsman* v. *State, supra.* See also *Conner* v. *Com.,* 76 Ky. 714; *Com.* v. *Simpson,* 9 Metc. (Mass.) 138; and 10 A. & E. Ency. L. 982, 983.

The judgment and the sentence are set aside. The defendant, having been found by the jury not guilty of larceny, is hereby ordered discharged.

*E. Vincent* for plaintiff in error.

*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, for the Territory.