TERRITORY OF HAWAII *v.* JAMES N. YOSHIMURA.

No. 2412.

ARGUED JANUARY 25, 1940.          DECIDED MARCH 9, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY COKE, C. J.

The grand jury of the fifth judicial circuit returned an indictment against the defendant in error, James N. Yoshimura. The indictment consists of two counts, each of which charges the defendant with the crime of manslaughter. Upon arraignment in the court below the defendant interposed a motion to quash the indictment upon the ground that neither count thereof charges the defendant with the commission of any crime and that the allegations in both counts are insufficient to advise the defendant of the nature and cause of the accusation against him and that the indictment contravenes the rights guaranteed to defendant under the Constitution of the United States and more particularly article six of the amendment thereto. The indictment reads: *"FIRST COUNT*: The Grand Jury of the Fifth Circuit of the Territory of Hawaii do present that JAMES N. YOSHIMURA, at Waipouli, in the County of Kauai, Territory of Hawaii, and within the jurisdiction of this Honorable Court, on the 28th day of January, A. D. 1939, with force and arms, unlawfully and feloniously, without malice aforethought, and without authority and without justi-

fication and without extenuation by law, did kill and
slay one, Katsutaro Urabe, a human being then and there
being, and did then and there and thereby commit the
crime of Manslaughter, contrary to the form of the
statute in such case made and provided. *SECOND
COUNT*: * * * that JAMES N. YOSHIMURA, in Wai-
pouli, Kawaihau District, County of Kauai, Territory of
Hawaii, and within the jurisdiction of this Honorable
Court, on the 28th day of January, A. D. 1939, with force
and arms, unlawfully and feloniously, without malice
aforethought, and without authority and without justi-
fication and without extenuation by law, in and upon one
Katsutaro Urabe, a human being then and there being,
did make an assault; and that the said James N. Yoshi-
mura then and there recklessly, carelessly, negligently,
wantonly and heedlessly of the safety of Katsutaro Urabe
then and there being, unlawfully and feloniously, without
malice aforethought, and without authority and without
justification and without extenuation by law, did drive
on that certain public highway in Waipouli aforesaid
which is the main government road, commonly called the
Kauai Belt Road and more recently referred to as the
Federal Aid Road, and more particularly on and along
that portion of the said public highway between the All
Saints Church and Fujii Cafe and Chop Sui House, and
within the jurisdiction of this Honorable Court, a certain
automobile, having thereon upon said date 1938 Terri-
torial Registration Number 41-275, into, upon and against
the said Katsutaro Urabe; and that by reason of the
driving of said automobile by the said James N. Yoshi-
mura in a reckless, careless, negligent and wanton manner,
and heedlessly of the safety of Katsutaro Urabe then and
there being as aforesaid, into, upon and against the said
Katsutaro Urabe, he, the said Katsutaro Urabe, was then
and there violently and forcibly struck, thrown to and

upon the upper (mauka) side of said public highway, and that the said James N. Yoshimura did then and there unlawfully and feloniously, without malice aforethought, and without authority and without justification and without extenuation by law, give to him the said Katsutaro Urabe, in and upon the body, head, neck, arms, hands, legs and back of him the said Katsutaro Urabe, divers mortal wounds of which said mortal wounds the said Katsutaro Urabe did thereafter on, to wit: the 29th day of January, A. D. 1939, die; and so in the manner and form aforesaid, and at the time and place aforesaid, the said James N. Yoshimura did unlawfully and feloniously, without malice aforethought, and without authority and without justification and without extenuation by law, kill and slay the said Katsutaro Urabe, and did then and there and thereby commit the crime of Manslaughter."

Manslaughter is defined by section 5996, R. L. H. 1935, as the killing of "a human being without malice aforethought, and without authority, justification or extenuation by law." The trial court granted defendant's motion to quash the indictment and the Territory has sued out this writ of error to review the order nullifying the indictment.

Little need be said of the first count of the indictment. It merely charges the defendant with manslaughter in the language of the statute and falls short of apprising the defendant of the nature and cause of the accusation against him as required by the sixth amendment to the Constitution of the United States which provides that "In all criminal prosecutions, the accused shall * * * be informed of the nature and cause of the accusation." This constitutional right is extended to every person accused of crime in order that he may be in a position to prepare his defense and avail himself of the plea of former jeopardy in a subsequent proceeding for the same offense.

This court pointed out, in *Ter.* v. *Pupuhi,* 24 Haw. 565, that, while some statutes in our criminal laws so clearly and specifically defined the offense that nothing more is required in an indictment than the adoption of the language of the statute, other statutes fail to sufficiently describe the crime and an indictment couched merely in the language of such a statute, failing to apprise the accused of the nature and cause of the accusation against him, would contravene the Federal Constitution. Without doubt section 5996, R. L. H. 1935, falls within the latter class. It follows, therefore, that the first count of the indictment was legally deficient.

The second count, however, is far more specific than the first count. It essentially charges that the defendant, at the time of the killing of the deceased, was in the act of committing a violation of the law of the Territory, namely, R. L. H. 1935, § 6280, which reads: "Whoever furiously or heedlessly of the safety of others, rides any horse or other animal, or drives or conducts any carriage, wagon, buggy, omnibus, cart, bicycle, automobile, motorcycle, locomobile, or other vehicle, and thereby imminently endangers the personal safety of any person, shall be punished by a fine," etc.

Express intent is not an essential in the crime of manslaughter. Negligence and reckless indifference to the lives and safety of others supply the intent for the purpose of the criminal law. Manslaughter may not only be committed while doing an unlawful act but may occur in the doing of a lawful act in a grossly negligent manner. (*People* v. *Campbell,* 237 Mich. 424, 212 N. W. 97.)

In *Ter.* v. *Puana,* 25 Haw. 584, this court held that where a person is charged with violation of section 4100, R. L. H. 1915 (now R. L. H. 1935, § 6280), the information should designate the person or persons whose personal safety was endangered. This is the recognized rule where

the person or persons so endangered are known but, if unknown, then of course that fact should be stated. No such objection, however, can be urged to the present indictment because it definitely designates by name the person who was endangered by the reckless operation of the automobile by defendant.

In *Ter.* v. *Braly*, 29 Haw. 7, 14, this court sustained an indictment which differed from the case at bar only in that it contained the additional averment that the deceased operated his automobile at an excessive rate of speed. Both indictments were redundant but there is nothing in the opinion in the *Braly* case which would warrant the inference that had the averment of excessive rate of speed been omitted from the indictment, the conclusions of the court would have been different. Both the expressions "furious and heedless driving" and the driving of an automobile "at an excessive rate of speed" are terms readily comprehensible by persons of common understanding and where either expression appears in an indictment the pleader is not required to "descend to particulars." The trial court held that the allegations in the indictment to the effect that the defendant drove recklessly, carelessly, negligently, wantonly and heedless of the safety of Katsutaro Urabe, without other averments, is a conclusion of law rather than an allegation of fact and is insufficient to sustain a prosecution for a criminal offense. It cannot be doubted that every indictment must be sufficient to inform the accused of the nature and cause of the accusation and to furnish him with such description of the charge as will enable him to prepare his defense and avail himself of his conviction or acquittal for protection against further prosecution for the same cause and also sufficient to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be had (*United States* v. *Cruik-*

*shank,* 92 U. S. 542; *White* v. *United States,* 67 F. [2d] 71), "but beyond this a statement of the facts as to matters of detail is not essential." 12 C. J. 1205. (See also 16 C. J. S. 1180.)

The first ten amendments to the Federal Constitution, commonly known as the "bill of rights," guaranteeing protection to certain rights of the people, do not apply to the States. (16 C. J. S. 128.) Specifically holding that the sixth amendment is no restriction on the power of the State to legislate, see *State* v. *Bailey,* 115 Ore. 428, 236 Pac. 1053. Not infrequently, therefore, state court decisions are controlled by the vagaries of local legislation. The Federal Constitution is a limitation on the power of the federal government and where a Territory is incorporated into the United States (as in the case of the Territory of Hawaii) the Federal Constitution applies and becomes operative in such Territory. (62 C. J. 786; *Alaska* v. *Troy,* 258 U. S. 101; *Farrington* v. *Tokushige,* 273 U. S. 284; *Balzac* v. *Porto Rico,* 258 U. S. 298.) The Federal Supreme Court, in *Hagner* v. *United States,* 285 U. S. 427, 431, said: "The rigor of old common law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' *Cochran and Sayre* v. *United States,* 157 U. S. 286, 290; *Rosen* v. *United States,* 161 U. S. 29, 34."

Early-day solicitude for an accused brought into existence the common-law system of criminal pleading under which it was deemed necessary to state the offense charged with great particularity. This was done some-times to the extent of absurdity. Availing himself of the technicalities provided by law, the criminal altogether too frequently went unwhipped of justice. He took advantage of the rules provided for his protection and made the administration of the law little better than a public scandal. Illustrating this, the supreme court of California, in *People* v. *King,* 27 Cal. 507, said: "Under the pretense of informing the defendant of the nature of the charge against which he was called upon to defend, it was necessary at the ancient common law, to describe the means by which the homicide was committed, and the nature and extent of the wound and its precise locality; from which it necessarily followed that a trifling variance between the proof and the allegation frequently defeated a conviction, no matter how manifest the guilt of the defendant." And, as pointed out by the supreme court of Arizona in *Gutierrez* v. *State,* 44 Ariz. 114, 117, 34 Pac. (2d) 395, "the trend in many of the courts is to get away from nonessentials in criminal pleading." And again in the same opinion: "The information alleges the negligent but unintentional killing of a human being, giving the time, place and means employed. * * * It is sufficient if the information clearly and distinctly sets forth the offense charged in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended, and with such a degree of certainty as to enable the court to pronounce judgment of conviction according to the right of the case." (See also *State* v. *Watson,* 216 Mo. 420, 115 S. W. 1011; *Schultz* v. *State,* 89 Neb. 34, 130 N. W. 972; *The State* v. *Campbell,* 82 Conn. 671, 74 Atl. 927; *Madding* v. *State,* 118 Ark. 506,

177 S. W. 410; *State* v. *Welford*, 29 R. I. 450, 72 Atl. 396; *State* v. *Randall*, 107 Wash. 695, 182 Pac. 575.)

In *People* v. *Townsend*, 214 Mich. 267, 271, 183 N. W. 177, the information charged the defendant with involuntary manslaughter by reason of his driving his automobile while in an intoxicated condition, thereby causing the death of deceased. Operating an automobile while intoxicated is a criminal offense under the statutes of that State. At the trial defendant moved to quash the information, claiming that it was not definite and did not apprise him of the offense charged. The supreme court of Michigan said: "The right of an accused to be fully informed of the nature of the charge against him relates, so far as the information is concerned, solely to the charge and not to the evidence in support thereof. * * * The information clearly shows that defendant was engaged in an unlawful and culpably negligent act and that such act directly contributed to the death of Agnes Thorne. Such information is sufficient."

As said in *State* v. *Laundy*, 103 Ore. 443, 464, 204 Pac. 958, 206 Pac. 290: "The state is not required to plead the evidence relied upon to prove the acts alleged to have been committed by the defendant. The indictment advises the defendant not only of the nature but also of the cause of the accusation made against him. The language employed is such as to enable a person of common understanding to know what is intended."

An indictment charging that the defendant "unlawfully, wilfully, wantonly, feloniously, and with malice aforethought did kill and murder J. H. by then and there striking and causing to be struck the said J. H. with an automobile being then and there operated, managed, and driven by said defendant in an unlawful, wilful, wanton, careless, and negligent manner," etc., was held to sufficiently charge the offense of involuntary manslaughter in the

commission of an unlawful act. (5 Berry, Automobiles [7th ed.] 512.)

The second count of the indictment in the present case charged in effect that the defendant was engaged in a criminal act, to wit, the violation of section 6280, R. L. H. 1935, and that such act was the direct and proximate cause of the death of·the deceased. This count of the indictment fully informed the defendant of the time and place of the killing as well as the manner and means of the infliction of the mortal wound from which Katsutaro Urabe died. We think it cannot be said that the defendant or any person of common understanding, after reading the indictment, could fail to comprehend the nature and cause of the crime charged. The second count of the indictment is sufficient in every essential to charge the defendant with the crime of involuntary manslaughter.

The order appealed from, in so far as it quashes the indictment as to the first count thereof, is sustained. To the extent that said order purports to quash the second count of the indictment, the same must be and is vacated and set aside and the cause is remanded to the circuit court of the fifth judicial circuit of the Territory of Hawaii for further proceedings consistent with this opinion.

*A. G. Kaulukou,* County Attorney of Kauai (also on the briefs), for the Territory.

*P. L. Rice* (also on the brief) for defendant.