# TERRITORY OF HAWAII *v.*
# MRS. MABEL MATSUE KANDA.

## NO. 3070.

Submitted January 10, 1957.     Decided February 14, 1957.

Rice, C. J., Stainback and Marumoto, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

The Territory charged the defendant, in the district court of Wailuku, with violation of section 11701 of the

Revised Laws of Hawaii 1945. The charge was as follows:

"That Mrs. Mabel Matsue Kanda, on Main Street in Wailuku, District of Wailuku, County of Maui, Territory of Hawaii, on the 24th day of May, 1955, being the operator of a motor vehicle, to wit, a 1951 Chevrolet Sedan, bearing License No. 1 M-855, on such public highway of the County of Maui, did unlawfully operate said motor vehicle in a manner so as to endanger the person of Wallace Tanaka and the property of said Wallace Tanaka, to wit, a 1955 Chevrolet Sedan, License No. 6 L-336, then and there being, and the said Mrs. Mabel Matsue Kanda did then and there and thereby violate the provisions of Section 11701 of the Revised Laws of Hawaii 1945." ·

Defendant interposed a demurrer to this charge on the ground that it was vague, indefinite and uncertain, and failed to set forth sufficient facts to constitute a valid charge of any criminal offense or violation of any criminal law of the Territory. The district magistrate heard the argument and made the following ruling: "Court finds that under this Section 11701 of R. L. H. 1945, a person may be charged for careless or heedless driving, or secondly, he may be charged for driving a car in a manner so as to endanger the life or property of another. But in this particular case, I think the prosecution, in reliance of the second offense, that is, in a manner so as to endanger the person of another, is rather broad and I think he should specify the facts to show just in what manner defendant endangered the life of the other person, that is Wallace Tanaka. For that reason Court sustains the demurrer." Thereafter the following proceeding took place:

"PROSECUTOR: Court please, may we note an appeal to the Supreme Court of the Territory of Hawaii on this question.

"THE COURT: I am glad you are taking this up. I

wanted this to go up for a long time. Appeal may be noted."

The Territory sued out a writ of error from the above ruling. Upon the issuance of the writ of error, defendant moved for its dismissal on the grounds that no final judgment or order was rendered by the district magistrate, that the alleged error of the district magistrate concerned only principles of pleading in a criminal case, and that the opening brief of the Territory contained no specification of error as required by rule 3 of the rules of this court. We denied the motion. We consider that the ruling of the district magistrate as above set forth constitutes an "order" within the meaning of section 9552 of the Revised Laws of Hawaii 1945, which authorizes a writ of error from an order of a district court sustaining a demurrer. Also, section 9552, which incorporates the amendment made by Act 37 of the Session Laws of 1931, now authorizes the Territory to sue out a writ of error from an order of a district court involving principles of criminal pleading. Before the amendment, the Territory could sue out a writ of error in a criminal case only where the decision or judgment of the court was based upon the invalidity or construction of the statute upon which the charge was founded. The statement of the Territory in the opening brief that the district court erred in sustaining the demurrer on the ground that the charge was vague, indefinite and uncertain and failed to set forth sufficient facts to constitute a valid charge of any criminal offense or violation of any criminal law of the Territory sufficiently complies with rule 3 of the rules of this court, which requires that the particulars of each error intended to be urged be set forth.

Section 11701 of the Revised Laws of Hawaii 1945 provides: "Whoever operates any vehicle or rides any animal carelessly or heedlessly of the rights or safety of

others, or in a manner so as to endanger or be likely to endanger any person or property, shall be punished by a fine not exceeding one thousand dollars or by imprisonment for not more than one year, or by both."

In this case the Territory purports to charge the defendant with violation of the second portion of this statute, namely, operating a vehicle in a manner so as to endanger or be likely to endanger any person or property. The question for decision by this court is whether the charge in the language of the statute, without more, is sufficient to charge a violation of the portion of the statute in question or whether the charge is defective because it fails to state the particular manner in which the defendant endangered the person or property of another.

This court has held that where a statute defines an offense in clear and unmistakable terms a charge in the language of the statute is sufficient. (*Territory* v. *Ah Cheong,* 21 Haw. 10; *Territory* v. *Yoshimura,* 35 Haw. 324) The case of *Territory* v. *Ah Cheong* involved a charge of violation of a statute prohibiting a person other than a licensee from keeping intoxicating liquor for sale. This court stated: "It is urged that the charge is too general, that it is fatally defective, in that it does not set forth all the essential elements of the offense charged, and that it does not sufficiently inform the defendant of the nature and cause of the accusation against him. Whatever force this contention might have under a charge based upon a statute failing to define the offense prescribed, we need not say. The statute before us, however, fully defines the offense in clear and unmistakable terms, and the charge is in the terms of the statute; nothing more is required." In *Territory* v. *Yoshimura,* an indictment charging the defendant with driving a vehicle "recklessly, carelessly, negligently, wantonly and heedlessly of the safety" of a named person was held sufficient for a charge of violating

a statute against furious and heedless driving. This Court stated in that case that "furious and heedless driving" is an expression readily comprehensible by persons of common understanding and where such expression appears the pleader is not required to descend to particulars.

On the other hand, where a statute fails to define an offense clearly and specifically, this court has held that a charge in the language of the statute is insufficient. Thus, in *Territory* v. *Pupuhi*, 24 Haw. 565, the indictment charged that the defendant obtained money from certain named persons "designedly, by false pretenses, and with intent to defraud." In holding that the indictment was insufficient for a charge of gross cheat, this court stated: "It is true, as held in *Territory v. Ah Cheong*, 21 Haw. 10, that where the statute fully defines the offense in clear and unmistakable terms a charge in the language of the statute is sufficient. There are some statutes in our criminal laws which so clearly and specifically define the offense that nothing more is required in the indictment than to adopt the language of the statute but we do not find that the statute of gross cheat, that is, section 3988 R. L. 1915, contains those descriptive elements which would bring it within the category of the statutes just mentioned. This statute is a generic description grouping within its scope a multitude of things the doing of any of which might constitute the crime."

We think that the offense involved in this case is couched in such broad terms that the rule stated in *Territory* v. *Pupuhi* applies. As argued by counsel for the defendant, the Territory might claim that she endangered the life and property of another because she was driving at an excessive speed, because she failed to keep a proper lookout, because she was driving on the wrong side of the road, because she was intoxicated at the time, because she failed to check her vehicle for mechanical defects, or

because of any number of other things. The defendant is entitled to know in what manner she is claimed to have endangered the life and property of another in order that she may properly prepare her defense. The charge does not sufficiently inform the defendant of the nature of the accusation against her.

The Territory argues that if the charge is insufficient to apprise the defendant of the nature of the accusation against her, she may ask for a bill of particulars under section 10820 of the Revised Laws of Hawaii 1945. The difficulty with this argument is that a bill of particulars is not a cure for a defective charge. "A bill of particulars usually is not designed to uphold an insufficient indictment, but only to be used where the indictment is sufficient on demurrer. It neither strengthens nor weakens an indictment or information. It cannot change the offense charged or in any way aid an indictment fundamentally bad, although it may remove an objection on the ground of uncertainty." (42 C. J. S. 1102, *Indictments and Informations,* § 156)

The order of the district magistrate sustaining the demurrer is affirmed.

*Harold L. Duponte,* County Attorney, Maui County, and *Meyer M. Ueoka,* Deputy County Attorney, Maui County, for plaintiff in error.

*Wendell F. Crockett* for defendant in error.