TERRITORY OF HAWAII *v.* LORRIN K. HENRY.

No. 4050.

ARGUED OCTOBER 3, 1958.                    DECIDED NOVEMBER 17, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This case comes before us on defendant's interlocutory bill of exceptions to an order overruling his demurrer to an indictment which charged him with the commission of the crime of negligent homicide, in violation of R.L.H. 1955, § 291-10, in the following words:

> "The Grand Jury of the Third Circuit of the Territory of Hawaii does present that LORRIN K. HENRY at Hilo, District of South Hilo, in the County of Hawaii, Territory of

Hawaii, and within the jurisdiction of this Honorable Court, on or about the 13th day of April 1957, while operating and driving a motor vehicle, to wit, a 1951 Chevrolet Sedan, License No. 6H510 (1957), on that certain public highway, to wit, Kaumana Drive, Hilo, District of South Hilo, County and Territory of Hawaii, the said LORRIN K. HENRY, in violation of his duty as an operator of a motor vehicle on a public highway, did carelessly or negligently, but not wilfully or wantonly, operate and drive the said motor vehicle, thereby causing the said motor vehicle to collide into and strike an embankment and subsequently overturn, whereby and as a proximate effect of the said careless or negligent operation of the said motor vehicle by the said LORRIN K. HENRY, as aforesaid, then and there and thereby, upon one, JANICE MAEDO, certain wounds, bruises and injuries were inflicted, from which said wounds, bruises and injuries she, the said JANICE MAEDO, did die on or about the 13th day of April 1957, and the said LORRIN K. HENRY did then and there and thereby commit the crime of Negligent Homicide, contrary to Section 291-10, Revised Laws of Hawaii, 1955, and contrary to the form of the statute in such case made and provided."

Defendant contends that the indictment is insufficient to charge him with the commission of any crime under our holding in *Territory* v. *Kanda,* 41 Haw. 591. The position of the Territory is that it is sufficient under *Territory* v. *Yoshimura,* 35 Haw. 324.

In the *Kanda* case, the defendant was charged in an information with unlawfully operating her automobile "in a manner so as to endanger" the person and property of one Wallace Tanaka in violation of R.L.H. 1945, § 11701. The information stated the time and place of the occurrence but did not state the manner in which the person and property of Wallace Tanaka were endangered. The statute provided for the punishment of any person who operated a vehicle "in a manner so as to endanger or be likely to endanger any person or property." We held that the information was insufficient on demurrer, on the ground that the offense with which the defendant was charged was couched in such broad terms that the rule stated in *Territory* v. *Pupuhi,* 24 Haw. 565, applied.

In the *Pupuhi* case, this court held that, where a statute fails to define an offense clearly and specifically, a charge in the language of the statute was insufficient.

In the *Yoshimura* case, there was an indictment for manslaughter for death resulting from a violation of R.L.H. 1935, § 6280. The statute provided for the punishment of any person who drove a vehicle furiously or heedlessly of the safety of others, thereby imminently endangering the personal safety of any person. The indictment charged that the defendant, on January 28, 1939, recklessly, carelessly, negligently, wantonly and heedlessly of the safety of one Katsutaro Urabe, then and there being, drove his automobile on a certain portion of the Kauai Belt Road, and that by reason of such driving Katsutaro Urabe was violently struck and thrown upon the highway, thereby suffering divers wounds from which he thereafter died. This court held that the indictment was sufficient on a motion to quash because it in effect charged that the defendant violated R.L.H. 1935, § 6280; that such violation was the proximate cause of the death of the deceased; that it fully informed the defendant of the time and place of the killing as well as the manner and means of the infliction of the mortal wounds; and that a person of common understanding could not fail to understand the nature and cause of the crime charged.

We think that the indictment in the instant case is good under the *Yoshimura* case, and also under R.L.H. 1955, § 258-19.

R.L.H. 1955, § 258-19 provides: "In an indictment the offense may be charged either by name or by reference to the statute defining or making it punishable; and the transaction may be stated with so much detail of time, place and circumstances and such particulars as to the person (if any) against whom, and the thing (if any) in respect to which the offense was committed, as are necessary to identify the transaction, to bring it within the statutory definition of the offense charged, to show that the court has jurisdiction, and to give the accused reasonable notice of the facts."

The defendant here is charged with violation of R.L.H. 1955, § 291-10. The statute reads as follows: "Every person who by the operation of any vehicle in a careless, reckless or negligent manner, but not wilfully or wantonly, causes the death of another,

shall be guilty of the crime of negligent homicide and shall be imprisoned at hard labor not more than five years."

The indictment charges the crime by name and by reference to the pertinent statute. It states the time and the place of death. It identifies the person against whom the crime was committed. It describes the act resulting in the death as the driving of an automobile carelessly or negligently, but not wilfully or wantonly, thereby causing it to strike an embankment and overturn. This description brings the act within the statutory definition of the crime with which the defendant is charged. The sole remaining question is whether such description gives reasonable notice to the defendant of the facts that he must be prepared to meet.

It is the contention of the defendant that the description of the act as having been done carelessly or negligently does not give him reasonable notice of the facts that he must be prepared to meet, that, in order to give him the requisite notice, the indictment must contain the particulars with regard to the carelessness or negligence with which he is charged.

In the *Yoshimura* case, this court stated that the expression "furious and heedless driving" is an expression readily comprehensible by persons of common understanding and that where such expression appears in an indictment the pleader is not required to descend to particulars.

Without entering into a discussion as to whether the description of an act as having been done carelessly or negligently is less informative than the description of the act as having been done furiously and heedlessly, we think that the indictment in the instant case gives reasonable notice of the nature of the act referred to therein because it contains the additional statement that the defendant caused his automobile to strike an embankment and overturn.

Defendant's counsel says that the additional statement states the result of the act and does not describe it. At the oral argument, he stated: "If this indictment had said that the defendant carelessly and negligently operated and drove the motor vehicle into an embankment, we would have a different problem." We do not see that such statement gives any more information about the manner of driving than the statement in the indictment that the defendant

carelessly or negligently drove his automobile and thereby caused it to strike an embankment and overturn.

In this connection, R.L.H. 1955, § 258-15, is pertinent. It provides: "No indictment or bill of particulars is invalid or insufficient for the reason merely that it alleges indirectly and by inference instead of directly any matters, facts or circumstances connected with or constituting the offense, provided that the nature and cause of the accusation can be understood by a person of common understanding."

If the indictment is considered as a whole, we do not think that it can be said that the nature and cause of the accusation stated therein cannot be understood by a person of common understanding.

Affirmed.

*Martin Pence* (also on the briefs) for appellant.

*Benjamin Menor,* Deputy County Attorney, Hawaii County (also on the brief), for appellee.