STATE OF HAWAII, Plaintiff-Appellee, *v*. CLARENCE ALAN BAKER, Defendant-Appellant

NO. 5480

AUGUST 5, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI, OGATA AND MENOR, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendant-appellant Clarence Alan Baker was convicted of three counts of forgery in the second degree. In the indictment the state charged that the appellant:

   . . . did, with intent to defraud, falsely complete and utter a written instrument, to wit a check . . . thereby commit-

ting the offense of Forgery in the Second Degree in viola-
tion of Section 708-852 of the Hawaii Revised Statutes.
However HRS § 708-852[1] states in pertinent part:

> (1) A person commits the offense of forgery in the
> second degree if, with intent to defraud, he falsely makes,
> completes, or alters a written instrument, or utters a
> forged instrument . . . .

Defendant-appellant argues that because the indictment
charging him incorrectly described the offense of forgery in
the second degree, the offenses described in the charges
were not proved and he was consequently tried and convicted
of an offense never charged. Although we find the indictment
to be inarticulately drawn, we hold that the appellant was not
prejudiced by any technical error in the wording of the in-
dictment. Each count of the indictment was explicitly drawn
so as to describe in detail each allegedly forged instrument.
The serial number, drawee, drawer, payee and amount of
each commercial instrument were fully set forth in the in-
dictment, as was the particular conduct of the defendant
asserted by the state to be unlawful. Under these circum-
stances we cannot say that the indictment was fatally defec-
tive for failure to give the defendant reasonable notice of the
offenses with which he was charged.

Pursuant to HRS § 726-34, in the indictment,

> . . . the offense may be charged either by name or by
> reference to the statute defining or making it punishable;
> and the transaction may be stated with so much detail of
> time, place, and circumstances and such particulars as to
> the person (if any) against whom, and the thing (if any) in
> respect to which the offense was committed, as are
> necessary to identify the transaction, to bring it within the
> statutory definition of the offense charged, to show that
> the court has jurisdiction, and to give the accused reason-
> able notice of the facts.

On the basis of the foregoing we hold that the indictment
specifically charged the appellant with three violations of
HRS § 708-852, and, although inarticulately drawn, provided

---

[1] The Hawaii Penal Code is not yet published in the supplement to HRS, but the
text of the Hawaii Penal Code may be found in S.L.H. 1972, Act 9, pp. 32-142.

the appellant with sufficient facts to put him on reasonable notice of the charges against him. *See Territory v. Henry,* 43 Haw. 54, 57 (1958).

Affirmed.

*Philip H.Lowenthal,* Deputy Public Defender*(Donald K. Tsukiyama,* Public Defender, with him on the briefs), for defendant-appellant.

*Andrew T. Johnson, Jr.,* Ass't County Attorney *(Arthur Ueoka,* County Attorney with him on the brief), for plaintiff-appellee.

DISSENTING OPINION OF KOBAYASHI. J.

I would reverse and acquit defendant. Even a cursory reading of Section 852 of the Hawaii Penal Code,[1] which provides in relevant part:

(1) A person commits the offense of forgery in the second degree if, with intent to defraud, he falsely makes, completes, or alters a written instrument, or utters a forged instrument . . . . ,

makes it clear that the defendant was unlawfully convicted.

The indictment charged the defendant, to-wit: ". . . did, with intent to defraud, falsely complete *and utter* a written instrument'' (emphasis added). The indictment does not charge the defendant with the offense of forgery.

Under said Section 852 a defendant commits the offense of forgery in the second degree if either (1) with intent to defraud, he falsely makes, completes, or alters a written instrument; or (2) with intent to defraud, he utters a forged instrument.

The indictment was prejudicially ambiguous and defective. A possible reading of the indictment was that the defendant "did, with intent to defraud, falsely complete a written instrument''. However, no evidence was adduced to sustain such a charge. Instead, evidence was adduced to show that the defendant "did, with intent to defraud, utter a forged instrument''. Thus, even if we conclude that the indictment

---

[1] The Hawaii Penal Code is not yet published in the supplement to HRS, but the text of the Hawaii Penal Code may be found in S.L.H. 1972. Act 9. pp. 32-142.

624

stated the above charge, there was a fatal variance between proof and allegations in the indictment. *See Heath v. United States,* 209 F.2d 318 (9th Cir. 1954); *United States·v. Four Diamond Rings,* 4 U.S. Dist. Ct. Haw. 693 (1916); *Territory v. Miyamoto,* 29 Haw. 697 (1927).

It is fundamental that in criminal prosecutions an accused be informed of the nature and cause of the accusation. U.S. CONST. amend. VI; HAWAII CONST. art. I, § 11; *Territory v. Burns,* 27 Haw. 253 (1923).

The trial court also erred prejudicially as against the defendant by instructing the jury that the jury could find defendant guilty if they believed beyond a reasonable doubt that the defendant uttered a "forged writing" — a crime for which the defendant was not charged.