## TERRITORY *v.* JOHN PUANA.

### No. 1254.

APPEAL FROM DISTRICT MAGISTRATE OF MAKAWAO.

SUBMITTED JULY 20, 1920.                    DECIDED JULY 22, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

INDICTMENT AND INFORMATION—*requisites of.*

> A complaint which alleges that the defendant did unlawfully and furiously and heedless of the safety of others drive an automobile and did thereby imminently endanger the personal safety of others (without naming the person or persons whose personal safety was imminently endangered) although substantially in the language of the statute (Sec. 4100 R. L. 1915) is insufficient.

OPINION OF THE COURT BY KEMP, J.

The defendant was tried and convicted in the district court of Makawao, County of Maui, under a complaint which charged "That John Puana at Paliuli, district of Makawao, County of Maui, Territory of Hawaii, on to wit the 25th day of December, A. D. 1919, did unlawfully, and furiously and heedless of the safety of others drive a vehicle, to wit, an automobile and did thereby immi-

nently endanger the personal safety of others, contrary
to the form, force and effect of the statutes in such cases
made and provided and particularly Chapter 252 of the
Revised Laws of Hawaii 1915 as amended by Act 50 of
the Session Laws of 1915 and further amended by Act
150 of the Session Laws of 1917." At the hearing the
defendant demurred to the charge on the ground that it
is indefinite and does not show sufficient facts to consti-
tute a violation of any criminal law of the Territory of
Hawaii. The demurrer was overruled, the defendant
entered a plea of not guilty, and after a trial was con-
victed and sentenced to pay a fine of $25, from which
judgment defendant has appealed to this court on points
of law as follows: (1) That the district court erred in
overruling defendant's demurrer to the charge entered
against him; (2) that the sentence of the court is void
and contrary to law in that the court has no jurisdiction
in said cause.

Under the first point of law it is the contention of
the defendant that the charge is fatally defective for the
reasons (1) that it fails to set forth that defendant drove
said automobile on a public highway; (2) that it fails
to allege that the person endangered by said driving of
defendant was on a public highway and (3) that said
charge fails to disclose the name of the injured person
who was imminently endangered by said driving of de-
fendant. The section of the statute under which the com-
plaint is drawn (Sec. 4100) is as follows: "Whoever
furiously or heedlessly of the safety of others * * *
drives or conducts any * * * automobile * * * and thereby
imminently endangers the personal safety of any person
shall be punished" etc.

We will consider first the question of whether or not
it was necessary for the complaint to allege the name of
the person whose personal safety was imminently endan-

gered.   In *Carter* v. *State,* 12 Ga. Ap. 430 (78 S. E. 205), the defendant was convicted of a violation of the statute regulating the operation of automobiles on the public highways of the State.   There were three counts in the accusation, the first charging that he operated an automobile "at a rate of speed greater than was reasonable and proper," the second that he operated an automobile "so as to endanger the life and limb of persons and the safety of property," and the third that he operated an automobile on a public highway at a place known as Herndon's corner without having said machine under control and operated it at a speed greater than six miles per hour.   The defendant demurred to the complaint, his ground of demurrer to the second count being that the accusation failed to show what person or what property was injured by the running of the automobile named in the accusation.   The demurrer was overruled and the defendant appealed.   In the discussion of the question raised by the demurrer to the second count the court used the following language: "We think also that the demurrer to the second count under the accusation should have been sustained.   While as a general rule the accusation which defines an offense in the precise language of the statute is sufficient * * * still this is not a universal rule and as has been frequently pointed out in the decisions and text books * * * there are some offenses of such a nature as that a charge in the language of the statute under which the accusation is brought would be wholly insufficient to so inform the accused of the nature of the charge against him as to enable him to prepare his defense.   Every person accused of crime has the right to be sufficiently informed as to the time, place and circumstances of an alleged offense to identify it and enable him to prepare his defense.   Presumptively at least one accused of crime is innocent and if he is indeed innocent

and yet the particular crime with which he is charged (identified only by its code definition) is merely alleged to have been committed by him at a time within the statute of limitations and in the county in which the accusation is preferred he is no better informed as to the identity of the alleged criminal transaction as to which he is called upon to defend than were the Romans as to the provisions of the statutes which Caligula required them to obey though he purposely placed his edicts upon a column too high to be seen."

In *Territory* v. *Pupuhi,* 24 Haw. 565, where the defendant was charged in the language of the statute with the crime of gross cheat it was held that the indictment was insufficient for the reason that it did not set forth the false pretenses intended to be relied upon. The statute involved in that case is a very different statute from the one under consideration here yet we think the reasoning in that case is applicable to this. If the owner of an automobile was accustomed to use his machine even a small portion of the time and it was charged that in the county on some day within the statute of limitations and at some place, of which the accusation gives no hint, he operated his automobile so as to immediately endanger the personal safety of some person or persons whose names were not even suggested he might be placed absolutely at the mercy of the prosecution though the testimony against him be false. He would also be unable to successfully plead former jeopardy if again accused in the same language of the same offense. We therefore hold that the failure to allege the name of the person whose personal safety was imminently endangered by said driving renders the complaint insufficient.

The other contention of the defendant to the effect that the complaint should allege that the defendant was driving said automobile on a public highway presents a very close

question and in view of the fact that the case will have to be sent back to the district court where a new complaint will have to be drawn if the defendant is to be again placed upon trial we do not decide the question therein presented. If the facts warrant it the county attorney in drawing a new complaint can avoid the question, and from the facts developed upon the first trial. it appears that the driving was upon a public highway.

For the error pointed out the judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, for the Territory.

*E. Vincent* for defendant.