**STATE OF HAWAII**, Plaintiff–Appellee, v. **ANTHONY LORENZ CADUS**, Defendant–Appellant

NO. 12910

(TRAFFIC NO. TR 35A of 8/24/87,
8A of 2/25/88, CITATION NO. 2462363MO)

MARCH 9, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* Defendant–Appellant Anthony Lorenz Cadus (Cadus) appeals his conviction for reckless driving pursuant to Hawaii Revised Statutes (HRS) § 291–2 (Supp. 1988). At the trial, Cadus had pled not guilty to the oral charge, Plaintiff–Appellee State of Hawaii (State) had then presented the prosecution case, Cadus had thereafter moved for a dismissal arguing that the charge was insufficient, but the trial court had denied the motion as untimely raised. Cadus contends that the trial court erred because 1) the deficient charge could be noted at any time as a jurisdictional defect; and 2) State's evidence did not support the conviction. Seeing no reversible error, however, we affirm the judgment of conviction.

## I.

## BACKGROUND FACTS

On Saturday, March 7, 1987 after 9:00 p.m., Honolulu Police Department Officer Michael Cho (Officer Cho) cited Cadus for driving recklessly on Kalakaua Avenue and Liliuokalani Avenue in Waikiki. According to Officer Cho, the car Cadus was driving had sped through the crowded intersections with screeching tires, prevented many pedestrians from traversing the crosswalks, caused other pedestrians already on the

road to jump back onto the curb, and disregarded the right–of–way which other vehicles had possessed. Officer Cho summarized these observations on the traffic ticket and gave Cadus a copy. Cadus, by contrast, denied speeding, endangering anyone, or hitting other property, attributed the squealing tires to gravel on the streets, and noted that no speeding ticket had ever issued.

At the beginning of the trial, this occurred:

> MR. YAMADA: Good afternoon, Your Honor. Stephen K. Yamada for the defendant who's present in the courtroom. We're ready to proceed with trial.
>
> MR. LEONG: Mr. Cadus, on or about March 7, 1987, in the Honolulu District, City and County of Honolulu, State of Hawaii, you did operate any vehicle recklessly, in disregard of safety of persons or property, in violation of Section 291–2 of the Hawaii Revised Statutes. Do you understand the charge?
>
> A[:] Not guilty.
>
> MR. LEONG: Okay. Thank you.

Transcript of December 14, 1987 at 2. Officer Cho then testified about the reckless driving. Cadus next took the stand to refute the allegations.

But before Cadus had finished his account, his defense counsel sought to dismiss the case on the jurisdictional ground that the complaint was insufficient. State, though, objected as follows:

> MR. LEONG: The State would object, Your Honor, because the charge was given approximately an hour and a half— approximately an hour and fifteen minutes ago. At that time, counsel was fully apprised. He was represented by counsel. He had the opportunity to object. *So at that time he should have objected to it*—(inaudible)—any amendment of the charge.
>
> . . . .
>
> MR. LEONG: Okay. That's the first reason, Your Honor. The second reason is that *Mr. Cadus was originally arraigned on or about April 29, 1987. On that date, he was fully apprised as to the charge.* Thirdly, Your Honor, *the citation itself provides due notice with regards to reckless driving.* It states there specifically under careless driving. Based upon all those reasons, Your Honor, the State's position is that defendant had been properly apprised of the charge, and that he was properly arraigned in these proceedings.

THE COURT: All right. It appears that you were—Mr. Yamada, present at the time of arraignment on August 24, 1987.

MR. YAMADA: Yes. But may I state my reason why.—(inaudible)—He was charged under 291–2. And as counsel had mentioned before, it's the same statute as 291–1. And the motion is made on the basis that the complaint did not properly cite individuals to be endangered by the defendant. And therefore is defective under case law, Territory versus John Puana, 25 Hawaii 584. And I have a copy of that decision which basically states that *you have to identify the persons that were put in danger of, and the complaint is defective on that point. The persons were not identified. And nothing else was identified.*

THE COURT: All right. Mr. Leong?

MR. LEONG: Well, Your Honor, I don't have my rules of penal procedure with me this afternoon, however, this is a motion that could properly have been brought well within the 48 hour requirement of motions. This should have been properly been presented to the Court and to counsel, to allow us an opportunity to respond to defendant's motion. Instead at this time, after direct of the police officer, and cross; after full direct and cross of defendant, he's now making this completely untimely motion. And as such, I—

*Id.* at 51–52 (emphasis added).

The trial court denied the motion as untimely, and Cadus resumed his testimony. The trial court subsequently found Cadus guilty but stayed the sentence pending the resolution of his appeal.

Cadus then appealed.

## II.

### QUESTIONS PRESENTED[1]

These are the issues posed:

---

[1] The statement of the case section violates Hawaii Rules of Appellate Procedure (HRAP) Rule 28(b)(3) by 1) neither citing nor quoting the arguments and

I.  Whether the trial court erred by not dismissing the case based on the claimed defects in the oral charge?  NO.

II.  Whether the trial court erred by not dismissing the case based on the sufficiency of the evidence?  NO.

### III.

### SUFFICIENCY OF THE ORAL CHARGE

Cadus maintains that the oral charge 1) neglected to describe what persons or property he had supposedly endangered; so 2) was insufficient as a matter of law.  State counters that Cadus 1) was adequately apprised about the nature of the offense; and 2) failed to timely challenge the purported defect at his earlier arraignment.

Although the detailed and technical niceties of previous pleading and practice are no longer required, a charge must still be in a legally sufficient form which correctly advises the defendant about the allegations against him or her.  *State v. Faulkner*, 61 Haw. 177, 599 P.2d 285 (1979) (per curiam).  All the information supplied to the defendant must be considered when reviewing the sufficiency of the charge.  *State v. Treat*, 67 Haw. 119, 680 P.2d 250 (1984).

Here, HRS § 291–2 reads:

> **Reckless driving of vehicle or riding of animals; penalty.**  Whoever operates any vehicle or rides any animal recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle or reckless riding of an animal, as appropriate, and shall be fined not more than $1,000 or imprisoned not more than one year or both.

The charge similarly provides:

---

the ruling on the dismissal motion; and 2) giving an incomplete description of the trial.  *See* Opening Brief at 4.  There is no excuse for such sloppiness.  *State v. Hanawahine*, 69 Haw. ___, 755 P.2d 466 (1988).  More seriously, the points of error section contains no citations, quotes from the trial transcript, listing about what objections were raised below, nor explanations why the trial court's rulings are wrong as required by HRAP Rule 28(b)(4).  *See* Opening Brief at 4.  We condemn this blatant noncompliance with the clear HRAP Rule 28(b) mandates.  *See State v. Reiger*, 64 Haw. 510, 644 P.2d 959 (1982) (per curiam).

> On or about March 7, 1987, in the Honolulu District, City
> and County of Honolulu, State of Hawaii, you did operate any
> vehicle recklessly, in disregard of safety of persons or property,
> in violation of Section 291–2 of the Hawaii Revised Statutes.

Record at 1. No obvious defect thus exists where the record demonstrates that the charge tracks the statutory language, and the defendant clearly understood the accusation plus mounted a viable defense. *See State v. Adams*, 64 Haw. 568, 645 P.2d 308 (1982) (per curiam); HRS § 641–16 (1985).

*Territory v. Puana*, 25 Haw. 584 (1920), however, held that the omission of the names of those persons whose safety had been imminently threatened by the defendant's driving rendered the complaint deficient. There, the complaint had averred that the defendant on December 25, 1919 at Paliuli in the Makawao District of Maui County "did unlawfully, and furiously and heedless of the safety of others drive a vehicle, to wit, an automobile and did thereby imminently endanger the personal safety of others, contrary to the [law] . . . ." *Id.* at 584–85. The trial court had overruled the defendant's demurrer that the indefinite charge had failed to allege a violation and later convicted him of reckless driving. *Id.* at 585. Reversing, this court had determined that 1) neither the statutory language nor the charge had informed the defendant about how he had driven recklessly; and 2) those persons whom he had threatened should have been identified, so that he could have prepared his defense. *Id.* at 587.

The reliance on *Puana* as the controlling authority for reckless driving cases, however, is misplaced where the reckless driving statute at issue there has long since been repealed, and a new law is now in effect.

Furthermore unlike *Puana*, there was no timely pretrial challenge to the sufficiency or the clarity of the oral charge. *See, e.g., Territory v. Kanda*, 41 Haw. 591 (1957). The defense counsel had filed no pretrial motions alleging that the accusation against Cadus was invalid or vague. *See, e.g.*, Hawaii Rules of Penal Procedure (HRPP) Rules 7(g) and 12(b)(2). Obviously, no confusion about the facts underlying State's theory of the case or the elements of the crime existed. *Cf. State v. Yonaha*, 68 Haw. 586, 723 P.2d 185 (1986).

We do not condone the late raising of any objections; all trial counsel are obliged to promptly protest any perceived error for an immediate resolution of the problem. *See State v. Senteno*, 69 Haw. ___, 742 P.2d 369 (1987); *State v. LaRue*, 68 Haw. 575, 722 P.2d 1039 (1986).

Moreover despite the oral charge's deficiency, Cadus suffered no prejudice since his defense counsel was fully prepared for the trial with a full knowledge of the events in question. *Cf. State v. Blanding*, 69 Haw. ___, 752 P.2d 99 (1988). Any error was therefore waived. *See Reponte v. State*, 57 Haw. 354, 556 P.2d 577 (1976).[2]

## IV.

## SUFFICIENCY OF THE EVIDENCE

Cadus next advances that State had failed to present sufficient evidence to sustain the conviction. State replies that substantial evidence supports the conviction.

The trial court, employing the testimony of Officer Cho, possessed enough evidence to find Cadus guilty of reckless driving through the streets of Waikiki. *See State v. Halmos*, 70 Haw. ___, 755 P.2d 1226 (1988) (per curiam). The contention of Cadus lacks merit. *See* HRPP Rule 29.

## V.

## CONCLUSION

Based on the particular facts of this specific case and after a thorough review of the record, we discern no reversible error. The judgment of conviction is therefore affirmed.

*Stephen K. Yamada*, for Defendant–Appellant.

*Wallace W. Weatherwax (Lila B. LeDuc* on the brief), Deputy Prosecuting Attorneys, for Plaintiff–Appellee.

---

[2] While the prosecution may not be able, in a particular case, to identify the persons or properties endangered, the *place* where the alleged reckless driving had occurred can always be named. We thus urge the formulation of oral charges, complaints, and indictments with adequate information about the facts and statutes in controversy to afford the defendants enough notice. *State v. Baker*, 55 Haw. 621, 525 P.2d 571 (1974). Due process demands nothing less, *State v. Jendrusch*, 58 Haw. 279, 567 P.2d 1242 (1977), and we mandate adherence to the clear requirements of HRPP Rule 7(d) on the nature plus the contents of the formal accusation.