STATE OF HAWAI`I, Plaintiff-Appellee,
v.
HERMAN SANTIAGO, Defendant-Appellant
No. 27726
Intermediate Court of Appeals of Hawaii.
July 23, 2008.
On the briefs:
John M. Tonaki, Public Defender, Jon N. Ikenaga, Deputy Public Defender, (Office of the Public Defender) for Defendant-Appellant.
Jay T. Kimura, Prosecuting Attorney, Roland J. Talon, Deputy Prosecuting Attorney, County of Hawai`i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Presiding Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant Herman Santiago (Santiago) appeals from a Judgment and Sentence entered on December 22, 2005, in the District Court of the Third Circuit, North and South Kona Division (District Court).[1]
On May 16, 2005, the State of Hawai`i (State) filed an amended complaint against Santiago, charging him with (1) Operating a Vehicle Under the Influence of Alcohol (OUI), in violation of Hawaii Revised Statutes (HRS) §§ 291E-61(a) (Count I); (2) Inattention to Driving, in violation of HRS § 291-12 (Count II); (3) Reckless Driving, in violation of HRS § 291-2 (Count III); (4) Accidents Involving Damage to Vehicle or Property, in violation of HRS § 291C-13 (Count IV); (5) No-Passing Zones, in violation of HRS § 291C-47(b) (Count V); and, (6) Criminal Property Damage in the Third Degree, in violation of HRS § 708-822 (1) (a) (Count VI). A bench trial was held on October 14, 2005 and November 15, 2005. At the conclusion of trial on November 15, 2005, the District Court found Santiago guilty of Counts I, II, III, IV, and VI, but not guilty of Count V. The court found the State's witnesses had "greater weight" than the testimony of Santiago and his other witness, Regina Santiago. On December 22, 2005, the District Court entered its Judgment and Sentence and Santiago was sentenced to, inter alia, jail time, an alcohol abuse and rehabilitation course, and fines. Santiago filed a timely notice of appeal on January 19, 2006.
On appeal, Santiago asserts the following points of error:
(1) "There was no substantial evidence to support Mr. Santiago's conviction for Criminal Property Damage in the Third Degree where he did not damage Rudy [Haalilio]'s property `by use of widely dangerous means.'"
(2) "Mr. Santiago's conviction for DUI must be reversed where his minimal deviations on the FSTs and "driving performance" was not substantial evidence that he was impaired because he was under the influence of alcohol."
(3) "Mr. Santiago's conviction for inattention to driving must be reversed where the mere fact that he was involved in an accident and a near accident was not sufficient to prove that he had operated his vehicle without due care."
(4) "Mr. Santiago's conviction for reckless driving must be reversed where neither his collision with Rudy or his near accident with [Valentine] Wessel established that he was operating his vehicle in reckless disregard of the safety of persons or property."
We review the sufficiency of evidence on appeal as follows:
[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.
State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawaii 128, 145, 938 P.2d 559, 576 (1997)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawai`i at 33, 960 P.2d at 1241 (internal quotation marks and citation omitted).
Upon careful review of the record, the applicable statutes and case law, and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Santiago's points of error as follows:
(1) HRS § 291E-61(a) (Supp. 2004) provides in part:
Operating a vehicle under the influence of an intoxicant.
(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
(2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;
(3) With .08 or more grams of alcohol per two hundred ten liters of breath; or
(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.
(Emphasis added.)
There was substantial evidence to convict Santiago of OUI under HRS § 291E-61(a)(1). The arresting officer testified that Santiago had "an odor of intoxicant on him" and that his eyes were "red, watery, glassy." Santiago also exhibited clues of intoxication during three Field Sobriety Tests, including "a lack of smooth pursuit," "HGN at maximum deviation in both eyes," "step[ping] off the line," "miss[ing] heal-to-toe," and "swaying." The officer testified that the totality of clues "indicated to [him] that [Santiago] was under the influence of an intoxicant[.]" See e.g., State v. Ferm, 94 Hawaii 17, 27, 7 P.3d 193, 203 (App. 2000); State v. Kekahuna, 96 Hawaii 128, 129, 131-32, 27 P.3d 404, 405, 407-08 (App. 2001); State v. Gaston, 108 Hawai`i 308, 310, 312-13, 119 P.3d 616, 618, 620-21 (App. 2005).
Although Santiago's breath alcohol content was .049, below the legal limit, HRS § 291E-61(a)(1) only requires presence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty. See, e.g., Spock v. Admin. Dir of the Courts, 96 Hawaii 190, 29 P.3d 380 (2001); State v. Wilson, 92 Hawai`i 45, 54 n. 14, 987 P.2d 268, 277 n. 14 (1999). In addition to the evidence of intoxication, the record contains substantial evidence that Santiago's driving performance showed Santiago's normal mental faculties or ability to guard against casualty were impaired. Santiago's arguments on this appeal go to the weight and credibility of the evidence. It is well-settled that "the appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of evidence." State v. Mitchell, 94 Hawaii 388, 393, 15 P.3d 314, 319 (App. 2000). Therefore, viewing the evidence in the light most favorable to the prosecution, we conclude there was sufficient evidence to convict Santiago of OUI pursuant to HRS § 291E-61(a)(1).
(2) HRS § 291-2 (Supp. 2004) provides:
Whoever operates any vehicle or rides any animal recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle or reckless riding of an animal, as appropriate, and shall be fined not more than $1,000 or imprisoned not more than thirty days, or both.
There is substantial evidence in the record that Santiago acted recklessly by (1) causing a near collision with Valentine Wessel, effectively causing Mr. Wessel to lose control of his vehicle, (2) "clipping" Rudy Haalilio's car while attempting to turn back into the traffic lane after passing him, causing $1,300 in damage, and (3) after being boxed-in by another vehicle and Mr. Haalilio's vehicle, hitting those vehicles in an attempt to escape before the police arrived. The totality of Santiago's actions show he acted with conscious disregard for the "safety or persons or property." See, e.g., State v. Cadus, 70 Haw. 314, 315-20, 769 P.2d 1105, 1107-10 (1989); State v. Agard, 113 Hawaii 321, 328-29, 151 P.3d 802, 809-10 (2007).
(3) HRS § 291-12 (Supp. 2004) provides:
Inattention to Driving. Whoever operates any vehicle without due care or in a manner as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both.
There was substantial evidence that Santiago was the driver of his vehicle at the time of more than one incident wherein there was damage to other vehicles, caused by Santiago, that Santiago was under the influence of alcohol and that his lack of due care resulted in more than one collision. See, e.g., Mitchell, 94 Hawaii at 401, 15 P.3d at 327; cf. State v. Bayly, 118 Hawaii 1, ___, 185 P.3d 186, 200 (2008). Viewing the evidence in the light most favorable to the prosecution, we find there was sufficient evidence to convict Santiago of Inattention to Driving.
(4) HRS § 708-822(1)(a)(Supp. 2004) provides:
(1) A person commits the offense of criminal property damage in the third degree if:
(a) The person recklessly damages the property of another, without the other's consent, by the use of widely dangerous means[.]
"Widely dangerous means" is defined under HRS § 708-800 (1993) as including "explosion, fire, flood, avalanche, collapse of building, poison gas, radioactive material, or any other material, substance, force, or means capable of causing potential widespread injury or damage."
On appeal, Santiago argues there was insufficient evidence to support a conviction under HRS § 708-822(1) because his act of inadvertently clipping Rudy's car while passing was not capable of causing "widespread injury or damage." On the facts, circumstances, and arguments presented in this case, we agree. Santiago's reckless driving in this case, even when attributed to alcohol, does not meet the statutory definition of recklessly damaging the property of another by the use of "widely dangerous means." Therefore, we reverse Santiago's conviction on Count VI.
For the foregoing reasons, we affirm the District Court's December 22, 2005 Judgment and Sentence as to Counts I, II, and 111,[2] and reverse as to Count VI.
NOTES
[1] The Honorable Joseph P. Florendo, Jr. presided.
[2] Santiago did not appeal his conviction on Count IV.