220 P.3d 1032

**STATE of Hawai'i, Petitioner/Plaintiff–Appellee,**

v.

**Lawrence CORDER,**
**Respondent/Defendant–Appellant.**

No. 28877.

Supreme Court of Hawai'i.

Nov. 19, 2009.

Reconsideration Denied Dec. 23, 2009.

Delanie D. Prescott–Tate, Deputy Prosecuting Attorney, for petitioner/plaintiff-appellee.

Walter R. Schoettle, Honolulu, for respondent/defendant-appellant.

NAKAYAMA, DUFFY, and RECKTENWALD, JJ.; and ACOBA, J., Dissenting, with whom MOON, C.J., Joins.

Opinion of the Court by DUFFY, J.

Petitioner/Plaintiff–Appellee the State of Hawai'i (State) filed a timely application for writ of certiorari (Application), urging this court to review the Intermediate Court of Appeals' (ICA) May 21, 2009 judgment on appeal in support of its March 31, 2009 summary disposition order (SDO). The SDO vacated the Family Court of the First Circuit's (Family Court) Judgment of Conviction and Sentence entered against Respondent/Defendant–Appellant Lawrence Corder (Corder) on November 29, 2007[1] and remanded this matter to the Family Court for a new trial. We accepted the Application on September 30, 2009.

The State's Application presents the following question:

> Did the ICA gravely err in concluding the Family Court abused its discretion by failing to consider whether a bill of particulars was necessary to Respondent's preparation for trial and to prevent him from being prejudicially surprised as to what acts he allegedly committed in violation of the Extended Order for Protection?

We agree that the ICA erred in concluding that the Family Court abused its discretion in denying Corder's request for a bill of particulars.

1. The Honorable Rhonda A. Nishimura presided.

2. Corder was charged with three other violations of the EOP: 1) an Amended Complaint filed under FC–CR No. 06–1–2012; 2) an Amended Complaint filed under FC–CR No. 07–1–1048; and 3) Count I of the Complaint filed under FC–CR No. 07–1–1080. All five charges were consolidated for trial. Only Count II and Count III of FC–CR No. 07–1–1080 are at issue on appeal.

3. HRS section 586–5.5 states the circumstances and manner in which the trial court may issue an extended protective order. HRS § 586–5.5 (2006).

4. HRS section 586–11(a)(1)(A) provides as follows:

> **Violation of an order for protection.** (a) Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor. A person convicted under this

## I. BACKGROUND

### A. Charged Offenses

At an August 2, 2006 hearing, the Family Court granted Allison Corder's motion to extend her prior protective order against Corder. Corder was present at the hearing and the terms of Extended Order for Protection FC–DA 05–1–1551(EOP) were read to Corder by the Family Court. Corder was served with a copy of the EOP.

On January 23, 2007, a Complaint was filed under FC–CR No. 07–1–1080 (Complaint), charging Corder in Count II and Count III with separate violations of the EOP.[2] For each count, the Complaint listed the date of the alleged offense, the order for protection allegedly violated, and the statutes under which Corder was charged, namely Hawai'i Revised Statutes (HRS) Sections 586–5.5[3] and 586–11(a)(1)(A).[4]

The Complaint also identified the police reports underlying the charged offenses as Hawai'i Police Department (HPD) Report No. 07–021001 for Count II and HPD Report No. 07–026265 for Count III. The cited police reports detailed Corder's alleged conduct and noted the section of the EOP the officer believed was violated. Corder does not dispute that copies of each police report were provided to him in discovery.[5]

> section shall undergo domestic violence intervention at any available domestic violence program as ordered by the court. The court additionally shall sentence a person convicted under this section as follows:
> > (1) For a first conviction for violation of the order for protection:
> > > (A) That is in the nature of non-domestic abuse, the person may be sentenced to a jail sentence of forty-eight hours and be fined not more than $150; provided that the court shall not sentence a defendant to pay a fine unless the defendant is or will be able to pay the fine[.]
>
> HRS § 586–11(a)(1)(A) (2006).

5. In his Motion to Dismiss or for Bill of Particulars, Corder details the conduct underlying Count II and Count III and states that such information came from "discovery provided to Defendant by the prosecution." In the September 18, 2007 hearing on Corder's Motion to Dismiss or for Bill of Particulars, counsel for Corder stated that he was "looking at the police reports."

B. *Corder's Motion to Dismiss or for Bill of Particulars*

On September 12, 2007, Corder filed a Motion to Dismiss or for Bill of Particulars for Counts I–III of FC–CR No. 07–1–1080. Corder argued that Counts I–III of the Complaint were defective and should be dismissed because they failed to sufficiently charge him with an offense. In the alternative, he argued that a bill of particulars was necessary to adequately apprise him of the allegations against him. The Family Court heard and denied the motion on September 18, 2007.[6]

C. *Trial Proceedings*

On October 9, 2007, Corder's consolidated jury trial began for FC–CR Nos. 06–1–2012, 07–1–1048, and 07–1–1080.

On October 12, 2007, the jury returned verdicts of: guilty as charged in Count II and Count III of FC–CR No. 07–1–1080; and not guilty in FC–CR No. 06–1–2012, FC–CR No. 07–1–1048, and Count I of FC–CR No. 07–1–1080.

On November 29, 2007, the Family Court sentenced Corder to one year incarceration for Count II of FC–CR No. 07–1080 and one year incarceration for Count III, with the sentences to be served consecutively.

D. *Appeal to the ICA*

Corder appealed the Family Court's Judgment of Conviction and Sentence to the ICA and requested his conviction be reversed and the case be remanded for dismissal with prejudice. He raised the following points of error:

(A) The trial court erred in denying Defendant's motion to Dismiss.

(B) The trial court erred in denying Defendant's motion for bill of particulars.

(C) The trial court erred in denying Defendant's requested jury instruction re: ambiguous orders.

---

6. Corder filed substantially similar motions for FC–CR No. 06–1–2012 and FC–CR No. 07–1–1048. The Family Court heard and denied all the motions collectively.

7. HRS section 806–47 provides as follows:

**Bill of particulars.** If the court is of the opinion that the accused in any criminal case has been actually misled and prejudiced in the

(D) The trial court erred in denying Defendant's motion for judgment notwithstanding the verdict with respect to Count III [of FC–CR No. 07–1–1080].

(E) The trial court erred in sentencing Defendant without allowing him an opportunity to address the court as required by [Hawai'i Rules of Penal Procedure] H.R.P.P., Rule 32(a).

(F) The sentence is illegal.

Regarding Corder's first point of error, the ICA concluded that, though the Complaint did not identify Corder's conduct in violation of the EOP, "the complaint sufficiently set forth the elements of the charges." SDO at 2 (citing *State v. Sugihara*, 101 Hawai'i 361, 363, 68 P.3d 635, 637 (App.2003)). Regarding the second point of error, however, the ICA concluded:

The Family Court abused its discretion in denying Corder's alternative request for a bill of particulars because the Family Court failed to consider whether, under the circumstances, the bill of particulars was necessary to Corder's preparation for trial and to prevent him from being prejudicially surprised as to what acts he allegedly committed in violation of the Extended Order.

SDO at 3 (citing *State v. Balanza*, 93 Hawai'i 279, 286, 1 P.3d 281, 288 (2000)). The ICA vacated the Family Court's Judgment of Conviction and Sentence and remanded the matter to the Family Court for a new trial. *Id.* In light of this decision, the ICA did not reach Corder's other points of error. *Id.*

## II. STANDARD OF REVIEW

A. *Bill of Particulars*

 Under HRPP 7(g), the trial court "may direct the filing of a bill of particulars." HRPP § 7(g) (2007); *see also* HRS § 806–47 (1993).[7] "A trial court has the discretion to

accused's defense upon the merits of any defect, imperfection, or omission in the indictment, insufficient to warrant the quashing of the indictment, or by any variance, not fatal, between the allegations and the proof, the prosecuting officer shall, when so ordered by the court, acting upon its own motion or upon motion of the prosecution or defendant, file in court and serve upon the defendant, upon such terms as the court imposes, a bill of particulars

order a bill of particulars, and it must exercise this discretion in consideration of the purpose of a bill of particulars, which is to help the defendant prepare for trial and to prevent surprise." *Balanza*, 93 Hawai'i at 286, 1 P.3d at 288 (citing *State v. Reed*, 77 Hawai'i 72, 78, 881 P.2d 1218, 1224 (1994)(overruled on other grounds by *Balanza*, 93 Hawai'i at 288, 1 P.3d at 290)). A bill of particulars is not required if the information requested by the defendant has been provided in some other satisfactory form. *Reed*, 77 Hawai'i at 78, 881 P.2d at 1224; *see also* 1 C. Wright & A. Leipold, *Federal Practice and Procedure: Criminal* § 130, at 664 (4th ed. 2008) ("[N]o bill is required if the government has provided the desired information through pretrial discovery or in some other satisfactory manner.").

■ A trial court's denial of a request for a bill of particulars is reviewed under the abuse of discretion standard. *Reed*, 77 Hawai'i at 78, 881 P.2d at 1224. "A court abuses its discretion if the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Balanza*, 93 Hawai'i at 283, 1 P.3d at 285 (internal quotations and citation omitted).

### III. *DISCUSSION*

The sole issue for review is whether the Family Court abused its discretion in denying Corder's request for a bill of particulars. For the following reasons, we hold that it did not.

### A. *The Family Court Acted within its Discretion in Denying Corder's Request for a Bill of Particulars.*

The State argues that the Complaint along with materials provided in discovery, such as police reports, were sufficient to enable Corder to adequately prepare for trial and prevent surprise. Further, the Family Court was aware of the content of these materials and it considered whether such materials adequately apprised Corder of the charges against him. Thus, the State argues, the

Family Court acted within its discretion in denying Corder's request for a bill of particulars.

In response, Corder states that the Complaint does not specify Corder's alleged acts in violation of the EOP, nor does it specify the section of the EOP allegedly violated, despite the fact that the EOP has numerous different sections. Corder argues that a bill of particulars is therefore necessary to inform him of the nature of the charges against him and to avoid surprise at trial.

### 1. The Information Provided to Corder in Discovery Was Sufficient to Prepare Him for Trial and to Prevent Surprise.

■ Count II and Count III of the Complaint each listed the protective order alleged to have been violated, the police report underlying the alleged offense, the approximate date of the offense, and the statutes under which Corder was charged. Corder does not deny that the State provided him with copies of the EOP and HPD Report Nos. 07–021001, underlying Count II, and 07–026265, underlying Count III, in discovery. Rather, Corder argues that the information provided to him in discovery was insufficient to apprise him of the nature of the charged offenses because it does not level "specific charges that say what the violation is and who the victim is."

HPD Report No. 07–021001, which underlies Count II of the Complaint, contains the following information:

*SCENE/TIME ELEMENT:*

The scene of the incident was fronting the residence of the complainant, which is located at [address omitted]. The incident occurred on 01–15–07, at about 1845 hours.

*COMPLAINANT STATEMENT:* CORDER, Allison (40)

[Allison] CORDER stated that as she was coming home in her vehicle she had turned onto Anania Drive from Lanikuhana Avenue. As [Allison] CORDER turned the

---

of the matters in regard to which the court finds that the defendant should be informed. In determining whether further information, and if so what information, is desirable for the defense of the accused upon the merits of the

case, the court shall consider the whole record of the case and the entire course of the proceedings against the accused.
HRS § 806–47 (1993).

corner she observed her ex husband Lawrence CORDER. Lawrence was riding his bicycle from Anania Drive and turned onto Lanikuhana Avenue heading up towards the Wal-mart area. [Allison] CORDER relayed that she has a Protective Order against Lawrence. For further facts and circumstances refer to HPD–252.

. . .

*PROTECTIVE ORDER/PROOF OF SERVICE:*

A copy of the Protective Order was reviewed by [Officer Kyle Echiberi] and as stated that the defendant, CORDER, Lawrence is prohibited from coming or passing within 100 yards of any place of employment or where Plaintiff, CORDER, Allison lives, as stated on page # 2, section B, subsection 4. Service was made on 08–02–06, at about 1214 hours, and valid until 08–10–11. For further information refer to attached copy of the Protective Order and Proof of Service.

The police report also includes a statement by Allison Corder that, along with the above information, states she saw Lawrence Corder in close proximity to her home and that when she arrived home she found the security screen on her front door ajar.

HPD Report No. 07–026265, which underlies Count III of the Complaint, contains the following information:

*SCENE:*

Violation took place in the rear park area of Mililani Waena School grassy area between the school and Recreation Center 1.

*TIME ELEMENT:*

01–19–07 / 1400 hours.

*COMPLAINANTS STATEMENT:*

On 01–19–07 at about 1500 hours [Officer Jayme Daszek] met with complainant identified as [minor son of Lawrence Corder] hereinafter referred to as [minor 1], who related that his father Lawrence CORDER hereinafter referred to as Lawrence violated a[sic] Extended Order for Protection.

[Minor 1] related that on 01–19–07 at about 1400 hours, he was waiting in the above area for his sister [minor 2]. Upon waiting there [minor 1] observed his father Lawrence less about [sic] 15 ft. away from him on a bike facing his direction. [Minor

1] told his father that he needed to get away from him referring to the court order. Lawrence stated that he was not violating the court order and that he was a[sic] 100 yards away as he spoke in a normal tone of voice. [Minor 1] observed his father later ride away but stayed in the area.

[Minor 1] stated that his sister came to him and [minor 1] told her to go and tell grandpa that Lawrence was in the area. [Minor 1] then stated that he observed his father go around the townhouses and ride towards the direction of his sister.

[Minor 1] stated that he ran after him and told him to leave immediately. Lawrence said "it doesn't even matter anyways because I will get locked up on Monday." [Minor 1] then related that he used a friends [sic] cell phone to call his grandpa and uncle. Upon calling he observed his father ride off as he yelled something as he left the area.

For facts refer to HPD–252. Mother Allison CORDER who is the petitioner was present during the interview and written statement.

*ORDER PREUSED [sic]/VIOLATION:*

[Officer Daszek] looked over the copy provided by [minor 1's] mother who was present for the interview. Upon reading the order [Officer Daszek] determined that the order was valid until August 10, 2011 and that Lawrence CORDER violated section 6 of the order by coming within a[sic] 100 ft. of both [minor 1] and [minor 2]. For facts refer to a copy of the order.

This police report also contains a statement by minor 1 describing the above incident.

The police reports, in conjunction with the Complaint, gave Corder precisely the information he would need to prepare for trial; namely the complainant, the time and location of the incident, and the conduct alleged to have violated the EOP. In his Response, Corder's synopsis of the evidence adduced at trial by the State is substantially similar to the information contained in the police reports.

In *State v. Reed,* we affirmed the trial court's denial of a bill of particulars where

defendant was provided with sufficient notice of the charges against him. *Reed*, 77 Hawai'i at 78, 881 P.2d at 1224. In that case, the defendant claimed he was entitled to a bill of particulars "because the complaint filed against him failed to provide adequate notice of the specific criminal acts with which he was charged." *Id.* We held that defendant's arguments fell flat in light of the fact that before trial defendant received copies of the complaint, the transcript of the preliminary hearing, and police reports, which were sufficient to enable the defendant to prepare for trial and to avoid prejudicial surprise. *Id.*

Similarly, in the instant case, the Family Court need not order the State to provide a bill of particulars detailing information that has been provided in some other satisfactory form. The trial court was within its discretion to find that the Complaint, the EOP and the police reports were sufficient to apprise Corder of the charges against him.

Corder also argues that in its Application, the State, for the first time, contends that the police reports very specifically define the charges against Corder. Corder misstates the State's position. In its Application, the State does not argue that the specific EOP sections allegedly violated are limited to those listed in the police reports. Rather, the State argues that the police reports provide sufficient information to enable Corder to prepare for trial. This is the same argument the State made before the Family Court and ICA.

### 2. The Family Court Adequately Considered Whether a Bill of Particulars was Necessary to Corder's Preparation for Trial.

■ The SDO concluded that the Family Court failed to consider whether the bill of particulars was necessary to Corder's preparation at trial and to prevent him from being prejudicially surprised as to what acts he allegedly committed in violation of the EOP. SDO at 3. For the following reasons, we disagree.

At the September 18, 2007 hearing on Corder's Motion to Dismiss or for Bill of Particulars, the Family Court stated that "the primary function of a bill of particulars is to sufficiently apprise a defendant of the . . . essential facts . . . of the offenses charged so the defendant is able to prepare a defense and avoid surprise at trial."

The Family Court was aware of the contents of the above-referenced police reports [8] and that Corder had been provided such reports in discovery.[9] After hearing argument from both sides, the Family Court found that "discovery has been provided to the defendant which does sufficiently apprise the defendant of the essential facts of the offenses charged such that Mr. Corder is able to prepare a defense and avoid surprise at trial."

In his Response, Corder acknowledges that the police reports underlying Count II and Count III detailed his alleged conduct. Corder argues, however, that his alleged conduct could arguably be prohibited under several different sections of the EOP, not just the sections identified in the police reports. He further notes that, for each count, the State argued at trial that Corder engaged in several different acts, some of which may be judged as separate and distinct violations of the EOP and some of which are not prohibited under the EOP. As a result, the jury could potentially convict Corder without unanimously agreeing on the specific conduct that violated the EOP, or by considering conduct not prohibited by the EOP. Thus, Corder argues, the State should have been required to identify the specific act along with the specific sections of the EOP violated by that act in Count II and Count III in a bill of particulars.

At the hearing on Corder's Motion to Dismiss or for Bill of Particulars, the Family Court anticipated this situation, stating:

> With respect to the conduct which is alleged to have violated the protective order,

8. HPD Report Nos. 07–021001 and 07–026265 were attached to the Judicial Determination of Probable Cause for the Extended Restraint of Liberty of Warrantless Arrestee filed on January 23, 2007, the Supplemental Motion to Revoke Bail filed on January 24, 2007, and the Motion to Increase Bail filed on February 13, 2007. Corder's Motion to Dismiss or for Bill of Particulars was filed on September 12, 2007.

9. *See, supra*, note 5.

if there is more than one act which could be the basis of a separate charge, the court can deal with that situation by way of an As—*Arceo* instruction should that arise. [10]

At trial, the Family Court instructed the jury that, as to Count II and Count III, the prosecution must prove beyond a reasonable doubt that:

Defendant Lawrence Corder engaged in conduct which was prohibited by the Order of Protection; and [t]hat the Defendant Lawrence Corder engaged in said conduct intentionally or knowingly.

Regarding the conduct element, the Family Court gave the following unanimity instruction:

The law allows the introduction of evidence for the purpose of showing that there is more than one act upon which proof of an element of an offense may be based. In order for the prosecution to prove an element, all jurors must unanimously agree that the same act has been proven beyond a reasonable doubt.

The Family Court also instructed the jury that, as to Count II and Count III, its verdict must be unanimous and gave a separate instruction explaining the meaning of a unanimous verdict.

The Family Court complied with our holding in *Arceo* by instructing the jury on the necessity of reaching a unanimous verdict on the same underlying act. Thus, the Family Court did not have to require the State, in a bill of particulars or otherwise, to elect the specific acts under which it was relying to establish the conduct element of the charged offense. *Arceo*, 84 Hawaiʻi at 32–33, 928 P.2d at 874–75.

The ICA's SDO states that the "Family Court incorrectly suggested that Corder's request amounted to requiring the State to reveal its evidence and called for information

which could not be supplied." SDO at 3. This misstates the Family Court's position. The Family Court stated that the primary purpose of a bill of particulars is not to make the State reveal its evidence, but rather to sufficiently apprise defendant of the essential facts of the charged offense. The Family Court noted that a motion for a bill of particulars will be denied where the information requested cannot be supplied by the prosecution because it is unknown, but specifically stated that this was not the situation in the present case.

In accordance with HRS section 806–47, the Family Court considered the whole record of the case and entire course of the proceedings against Corder and found that a bill of particulars was unnecessary because Corder was not actually misled or prejudiced as to the charges against him. *See* HRS § 806–47 (1993). On this basis, the Family Court denied Corder's motion. We hold that such a decision was not an abuse of the Family Court's discretion. *See Reed*, 77 Hawaiʻi at 78, 881 P.2d at 1224.

## IV. *CONCLUSION*

Based on the foregoing, we reverse the decision of the ICA and remand the case to the ICA to address the remaining four points of error raised by Corder in his Opening Brief.

Dissenting Opinion by ACOBA, J., in which MOON, C.J., Joins.

I believe the Complaint herein was defective because the language of the Complaint failed to state the nature and cause of the accusation, in a manner that could be understood by a person of common understanding. Assuming, *arguendo*, that the Complaint was not defective, I agree with the determination of the Intermediate Court of Appeals (ICA)

---

10. In *Arceo*, we held:

when separate and distinct culpable acts are subsumed within a single count charging a sexual assault—any one of which could support a conviction thereunder—and the defendant is ultimately convicted by a jury of the charged offense, the defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon

which it is relying to establish the "conduct" element of the charged offense; *or (2) the trial court gives the jury a specific unanimity instruction,* i.e., an instruction that advises the jury that all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt.

*State v. Arceo*, 84 Hawaiʻi 1, 32–33, 928 P.2d 843, 874–75 (1996) (footnote omitted) (emphasis added).

that the Family Court of the First Circuit (family court) abused its discretion in denying the "alternative request for a bill of particulars [of Respondent/Defendant–Appellant Lawrence L. Corder (Corder) ] because the [f]amily [c]ourt failed to consider whether, under the circumstances, the bill of particulars was necessary to Corder's preparation for trial and to prevent him from being prejudicially surprised as to what acts he allegedly committed in violation of the [Extended Order for Protection (EOP) ]." *State v. Corder*, No. 28877, 2009 WL 886843 at *2 (App. Mar. 31, 2009). Therefore I respectfully dissent.

## I.

Article 1, Section 14 of the Hawai'i State Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation[.]" Thus, a charge must be in a "legally sufficient form which correctly advises the defendant about the allegations against him or her." *State v. Israel*, 78 Hawai'i 66, 69, 890 P.2d 303, 306 (1995) (quoting *State v. Cadus*, 70 Haw. 314, 318, 769 P.2d 1105, 1109 (1989)). Additionally, according to statute, "[n]o indictment or bill of particulars is invalid or insufficient for the reason merely that it alleges indirectly and by inference instead of directly any matters, facts, or circumstances connected with or constituting the offense, *provided that the nature and cause of the accusation can be understood by a person of common understanding.*" Hawai'i Revised Statutes (HRS) § 806–31 (1993) (emphasis added).

The Complaint herein simply asserted that there were violations of the EOP on three different dates. Three counts of violating the EOP were listed in the Complaint, with each of the counts identically worded, except for the specific dates on which the violations occurred. For example, Count I referred to a violation occurring on January 12, 2007. Count I stated in its entirety:

> *COUNT 1:* On or about January 12, 2007, in the City and County of Honolulu, State of Hawaii, LAWRENCE CORDER did intentionally or knowingly violate the Order for Protection issued in FC–DA No. 05–1–1551 on August 2, 2006 by the Honorable Nancy Ryan, Judge of the Family Court of the First Circuit, State of Hawaii, pursuant to Chapter 586 of the [HRS], thereby committing the offense of Violation of an Order for Protection in violation of Section 586–5.5 and Section 586–11(a)(1)(A) of the [HRS].

Count II referred to a violation occurring on January 15, 2007. Count III referred to a violation occurring on January 19, 2007.

The Complaint failed to indicate what conduct was allegedly culpable on each occasion and which of the EOP sections was allegedly violated on each date, despite the fact that the EOP contained several different provisions referring to various types of acts.[1] Be-

---

1. Arguably the relevant provisions of the EOP were as follows:

 A. THREATS AND ABUSE
 1. Defendant is prohibited from threatening or physically abusing the Plaintiff or anyone living with the Plaintiff and shall not maliciously damage any property of the Plaintiff or property of the Plaintiff's household....
 B. CONTACT BETWEEN PARTIES
 2. Defendant is prohibited from contacting the Plaintiff.
 3. Defendant is prohibited from telephoning, writing, or otherwise electronically communicating (by recorded message, pager, etc.), including through third parties, with the Plaintiff and any children residing with the Plaintiff, except as allowed by this order.
 4. Defendant is prohibited from coming or passing within 100 yards of any place of employment or where the Plaintiff lives and within 100 feet of each other at neutral locations. In the event the parties happen upon each other at a neutral location, the subse-

quent arriving party shall leave immediately or stay at least 100 feet from the other. When the parties happen upon each other at the same time at a neutral location, the Defendant shall leave immediately or stay at least 100 feet from the Plaintiff....
 5. Notwithstanding the foregoing Order [x] Defendant may have LIMITED contact with the Plaintiff in person for the purpose of ... attending in-court proceedings and limited contact for service of legal documents....
 6. Defendant is prohibited from contacting the following: Allison L. Corder, [minor son of Lawrence Corder (minor 1)], until minor's 18th birthday [ ] February 01, 2008, [minor daughter of Lawrence Corder (minor 2) ] until August 10, 2011....
 C. TEMPORARY CUSTODY AND VISITATION
 9. ... Defendant shall have visitation with the minor children as follows: ... supervised visitation; [ ] For minor child ... at PACT VISITATION CENTER.... Unsuper-

cause the Counts in the Complaint merely alleged that Corder "did intentionally or knowingly violate the [EOP] issued in FC–DA No. 05–1–1551 on August 2, 2006[,]" without designating which conduct and sections within the EOP were violated, "the nature and cause of the accusation [could not] be understood by a person of common understanding from a reading of the Complaint itself." *Israel*, 78 Hawai'i at 71, 890 P.2d at 308 (internal quotations marks omitted).

The Complaint did reference in its *caption* (as opposed to in the charges) Police Report No. 07–016631 with respect to Count I, Police Report No. 07–021001 with respect to Count II, and Police Report No. 07–026265 with respect to Count III.[2] However, without specificity as to the prohibited conduct in the Complaint itself, Petitioner/Plaintiff–Appellee State of Hawai'i (the State) was not bound at trial to prove all matters listed in the police reports or to adhere to the EOP sections as cited by the police officers in their reports. Hence, the information provided in these corresponding police reports could be subject to varying applications. Corder, in effect, was left without any certitude of what violative conduct he would be prosecuted for at trial. Thus the Complaint, even viewed in the context of the police reports, was not adequate to *fairly* permit Corder to prepare for trial. *See generally State v. Robins*, 66 Haw. 312, 316, 660 P.2d 39, 42 (1983) (recognizing the fact that a bill of particulars is discretionary with the judge pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 7(a) and the fact that other discovery rules given to the defendant are limited, might prevent a defendant from discovering the State's position); *State v. Mitake*, 1 Haw.App. 335, 340, 619 P.2d 1078, 1081 (1980) (recognizing that the HRPP does not "permit a broad and freer-anging discovery in criminal cases"). Therefore, the Complaint was defective.

## II.

In cases of this sort, at the very least, a straightforward and efficient approach would be to require the State to specify in the complaint itself, the particular EOP requirement allegedly violated. Of course, "a bill of particulars is not a cure for a defective charge." *Territory v. Kanda*, 41 Haw. 591, 596 (1957). However, assuming, *arguendo*, that the Complaint is not defective, "[i]n the event the prosecution chooses not to specify the crimes intended, trial courts should freely grant bills of particulars for identification of such crimes." *State v. Lagat*, 97 Hawai'i 492, 502, 40 P.3d 894, 904 (2002) (Acoba, J., concurring). Pursuant to HRPP Rule 7(g) (2007), it is within the trial court's discretion to direct the prosecution to file a bill of particulars informing the defendant of the specifics of the charges he must defend against at trial. In this case, the family court's discretion should have been exercised in light of the purposes of a bill of particulars, which is designed to enable the defendant to "*prepare* for trial and to *prevent* surprise." *State v. Balanza*, 93 Hawai'i 279, 286, 1 P.3d 281, 288 (2000) (emphases added) (citing *State v. Reed*, 77 Hawai'i 72, 78, 881 P.2d 1218, 1224 (1994), *overruled on other grounds* by *Balanza*, 93 Hawai'i at 288, 1 P.3d at 290). This court has held that a bill of particulars is not required if the information called for has been provided "in some other satisfactory form." *Reed*, 77 Hawai'i at 78, 881 P.2d at 1224 (citation omitted), *overruled on other grounds* by *Balanza*, 93 Hawai'i at 288, 1 P.3d at 290 (holding that the trial court did not abuse its discretion in denying Reed's motion for bill of particulars when Reed did not deny that the transcripts of the preliminary hearing and police reports provided him with the information that he claimed was lacking in the complaint).

However, without being apprised in the Complaint of which specific provisions of the EOP were violated or which particular acts

---

vised visitation with [minor 1] shall be at the discretion [of minor 1].

**2.** The caption of the Complaint included the following counts:
COUNT 1:
VIOLATION OF AN ORDER FOR PROTECTION (Police Report No. 07–016631)

COUNT 2:
VIOLATION OF AN ORDER FOR PROTECTION (Police Report No. 07=021001)
COUNT 3:
VIOLATION OF AN ORDER FOR PROTECTION (Police Report No. 07=026265)

were charged, for the reasons stated in Part I, *supra,* Corder could not adequately *prepare* for his trial. A bill of particulars would clarify the conduct covered by the charges and would avoid prejudice. In terms of the administration of justice, it is fairer to require a bill of particulars to be filed rather than to leave a defendant uncertain as to the particular conduct he or she is alleged to have committed until trial, and it is more efficient to grant a bill of particulars to avoid appeals regarding questions of the kind raised in this case. Thus, a failure to grant such a motion when there is obvious uncertainty on the face of the Complaint as to the nature of the violations alleged would amount, in my view, to an abuse of discretion. *See Lagat,* 97 Hawai'i at 502, 40 P.3d at 904 (Acoba, J., concurring).